Allen Murray Myers, J.
In this summary proceeding to dispossess the tenant for nonpayment of rent a judgment in favor of the landlord was entered upon consent on September 27, 1971. The rent demanded in the petition was $249.90, the tenant paid $150 on account in open court and the judgment provided for the payment of the balance which was rounded off to $100. By consent the issuance of the warrant of eviction was stayed to October 2, 1971. Tenant was represented at the time by an attorney from the Legal Aid Society.
A warrant of eviction was issued to a Marshal on October 14 who mailed a 72-hour notice of eviction to the tenant on *642 October 21. While the tenant was not on relief, being without funds with which to meet her obligation under the judgment she applied to the Department of Social Services for the financial aid necessary to prevent her eviction. It is not clear when this aid was requested, but on October 22 the Department of Social Services issued its check payable to the tenant and landlord for $237.50 (to pay for the tenant’s arrears, current rent and costs) which the tenant tendered to the landlord on October 23. The landlord refused to accept it and insisted upon proceeding with the tenant’s eviction.
The tenant then moved to vacate the warrant. That motion was denied by order of this court dated November 3, 1971. Thereafter the tenant changed attorneys and moved for reargument and that motion is now before the court.
The tenant occupies a five-room apartment together with her four children aged 17, 15, 13 and 8 and a grandchild.
Her monthly rent is $106.96. She has been residing in the same building for the past 11 years. Her tenancy is subject to rent control which statute provides that she may not be evicted so long as she continues to pay the rent. (Administrative Code of City of New York, § Y51-6.0.) In the current housing shortage it would be almost impossible for the tenant to find similar housing accommodations at or near the same rental. To deprive the tenant of her abode would therefore result in a grave hardship for a rather trivial fault, if in fact there was any. The tenant begs this court not to invoke this lawful penalty.
The landlord argues that the court has no choice. His argument is based on several grounds. Once a warrant of eviction is issued, the landlord-tenant relationship is terminated and the landlord cannot be compelled thereafter to accept the rent (Real Property Actions and Proceedings Law, § 749, subd. 3; Matter of Kingsview Homes v. Pette, 9 A D 2d 782; Wassel v. Reimer, 119 N. Y. S. 2d 33; Hendricks v. Ergis, 66 N. Y. S. 2d 349); and that this court is divested of power to vacate or extend a stay after a warrant has been issued (Matter of Elcock v. Boccia, 12 Misc 2d 955).
The landlord is in error. As the Appellate Term in this Judicial Department has held in the case of 203 E. 13th St. Corp. v. Lechycky, N. Y. L. J., June 25, 1971, p. 13, col. 1: “A summary proceeding remains pending until the execution of the warrant (Whitmarsh v. Farnell, 298 N. Y. 336, 344). While the proceeding is pending, the warrants may be stayed under CPLR 2201.
*643 “ The earlier decisions, which held that a warrant, once it has been issued, could not be stayed except by an appellate court or by injunction, unless the final order had been rendered on default, were based upon sections 1446 and 1447 of the Civil Practice Act. These sections were omitted from the CPLR and from the Real Property Actions and Proceedings Law.
“ With the repeal of these sections and under CPLR section 2201, the court below may stay its proceedings in a proper case upon .such terms as may be just.
“While the court below stated that he would have liked to grant tenants relief, he held that' he was without jurisdiction to do so, since the warrant had already been issued. This was error.”
As stated by my former colleague Judge Gbeeneield, now a Justice of the Supreme Court, in the case of Matter of Joseph v. Cheeseboro (42 Misc 2d 917, 921-922, revd. on other grounds 43 Misc 2d 702): “courts retain (ed) inherent power to set aside its final judgments or orders, in the interests of justice, and the writs, warrants and levies dependent thereon. # # #
“ The pendency of summary proceedings so that the court may continue to act as justice requires even after issuance of the warrant is not terminated by virtue of the provisions of section 749 of the Real Property Actions and Proceedings Law, which declares that the issuance of a warrant annuls the relation of landlord and tenant. # * * As held in Matter of Walker v. Ribotsky (275 App. Div. 112 [1st Dept., 1949]), the proceeding is deemed pending until the warrant is executed, so whether or not the landlord-tenant relationship may have been technically annulled, it is subject to revival.
“It would therefore appear that where no appeal has been taken, and when a warrant of eviction issued after final order for the landlord remains unexecuted, this court retains jurisdiction to extend any stay, to vacate the pending warrant, to hold further hearings, or do whatever may be required within the confines of the law. ’ ’
This court then has the power to vacate its warrant in the interests of justice. The question is, should it? What are the equities? At the outset let it be noted that unlike the factual patterns in Joseph v. Cheeseboro (supra) and in Matter of Albany v. White (46 Misc 2d 915) the landlord here cannot be charged with fraud, overreaching or any wrongdoing. He is merely invoking what he believes to be the rights to which he *644 is legally entitled. He argues that he is entitled to the possession of the tenant’s apartment because she has failed to pay or tender the rent before the warrant was issued. He compares the tenant’s failure to pay the rent before issuance of the warrant to a mortgagor’s failure to pay interest when due and cites Graf v. Hope Bldg. Corp. (254 N. Y. 1, 4) that “ generosity is a voluntary attribute and cannot be enforced even by a chancellor.” However, the situation in Graf (supra) is not analogous, but what is apt is the observation of Chief Judge Cabdozo in the dissent that “ always the gravity of the fault must be compared with the gravity of the hardship.” (Graf, supra, p. 13).
In this case the landlord was in the same position before the warrant was issued as he was after it was issued. He would suffer no hardship by being compelled to accept the rent after the warrant was issued but before it was executed. The short delay in the offer of the rent was not deliberate on the part of the tenant. Under such circumstances the courts favor solutions which would avoid grave hardship for one óf the litigants without harm or prejudice to the other. (Sy Jack Realty v. Pergament Syosset Corp., 27 N Y 2d 449; Jones v. Gianferante, 305 N. Y. 135.) In this case however one does not even have to invoke equitable principles to bring about a just result (although this court does have that power under section 212 of CCA). Where, as here, the tenant’s premises are subject to rent control, the tenant can effect a stay of eviction by tendering the rent and costs due at any time prior to the actual execution of the warrant. (Whitmarsh v. Farnell, 298 N. Y. 336; City Rent and Rehabilitation Law; Local Laws, 1962, No. 20 of City of New York; 3 Rasch, N. Y. Landlord and Tenant [2d ed.], §§ 1387 and 1388; Matter of Cohen v. Starke, 269 App. Div. 256; Rosen v. 370 West 35th St. Corp., 184 Misc. 172; Beaver Equities v. Kirin Rest., N. Y. L. J., March 7, 1972, p. 2, col. 1). Section Y51-1.0 of the City Rent and Rehabilitation Law states : “ that there continues to exist an acute shortage of dwellings; that unless * * * evictions continue to be regulated and controlled * * * abnormal conditions will produce serious threats to the public health, safety and general welfare; ” — and “ that in order to prevent uncertainty, hardship and dislocation, the provisions of this title are declared to be necessary ”.
Subdivision a of section Y51-6.0 of said law provides that,
‘ ‘ No tenant, so long as he continues to pay the rent to which the landlord is entitled, shall be removed from any housing *645 accommodation which is subject to rent control under this title ” (except on grounds not pertinent here). Where a tenant is in possession under a lease not within the protection of the emegency rent law, upon the issuance of a warrant of eviction the lease is canceled and the relationship of landlord and tenant is annulled. (Real Property Actions and Proceedings Law, § 749, subd. 3.) Accordingly the courts have held that a tender of the rent after the issuance of the warrant is in such circumstances ineffectual to revive the lease unless it is accepted with such intent. But where, as here, there is no lease or agreement and the tenant is in possession by virtue of the emergency rent law then subdivision 3 of section 749 of the Real Property Actions and Proceedings Law does not apply and such statutory tenant can forestall eviction by paying or offering to pay the rent at any time until he has actually been evicted, that is, until the warrant has been executed. (Beaver Equities v. Kirin Rest., N. Y. L. J., March 7,1972, p. 2, col. 1.)
In order to give effect to the expressed intent of the Legislature not to allow the removal of a statutory tenant from his abode so long as he pays the rent to which the landlord is entitled, the statute must be interpreted to mean that if the rent is paid or tendered at any time prior to his removal, the tenant may not be removed. There is nothing in the statute which fixes any other time for the payment of the rent as a condition for continuing to receive the protection of the statute. There is no logical reason why the protection of the statute should terminate upon the issuance of the warrant instead of upon its execution. The statute does not so provide and there is no reason to read such a provision into it.
The rent and costs having been tendered prior to the execution of the warrant by a statutory tenant, the warrant was automatically stayed and the proceeding terminated; for the emergency rent control law forbids dispossessing a tenant in a pending action when the rent has been paid or tendered and an action is pending until the warrant has been executed.
The motion for reargument is therefore granted. Upon reargument the court withdraws its decision and order of November 3, 1971 and substitutes therefor this decision. The motion to vacate the warrant is granted upon condition that the tenant shall deposit with the Clerk of the court, within seven days from the date hereof all arrears in rent including the month of May, 1972; in default of which, this motion shall be deemed denied. The Clerk is directed to turn over to the landlord all rent deposited by this tenant during the pendency of this proceeding.
*646 I find no merit to the respondent’s argument that the petition herein is jurisdictionally defective or the petitioner’s argument that by this decision the court has in any material way altered the judgment entered upon the consent of the parties.