In the Matter of GSVC RESTAURANT CORP., Debtor.

Bankruptcy Nos. 80 B 20104, 80ADV2023.

United States Bankruptcy Court, S. D. New York.

April 3, 1980.

**492**

Blank & Katzman, Spring Valley, N. Y., for debtor.

Richard A. Glickel, New City, N. Y., for Grand Hudson Corp.

## DECISION ON COMPLAINT OF GRAND HUDSON CORPORATION FOR AN ORDER LIFTING STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This adversary proceeding was brought by the plaintiff, Grand Hudson Corporation, pursuant to § 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d), and Rule 4001 of the Interim Bankruptcy Rules, for relief from the automatic stay of its eviction proceeding following the debtor's filing a petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1174. The plaintiff seeks to modify the stay so as to permit the execution of a warrant of eviction issued April 12, 1979 by the Justice Court of the Village of Nyack, County of Rockland, State of New York.

Plaintiff alleges that the debtor has no equity in the real property and that the debtor has not had a leasehold interest in the property since the date the warrant of eviction was issued. Plaintiff further alleges that the debtor has no reasonable prospect for reorganization and that the purpose of filing the Chapter 11 petition was to delay the execution of the warrant of eviction. Plaintiff claims that if the automatic stay is not modified it will suffer irreparable injury, loss, and damage as it will not be able to continue the operation of its small shopping center without the rental income from the property in question.

In addition to denying the allegations in the plaintiff's complaint, the debtor's answer asserts that modification of the automatic stay would effectively destroy its capacity to operate a business during the pendency of the Chapter 11 proceeding. The debtor claims that this would impair the rights of all of the other general creditors.

### FACTS

1. On March 25, 1980 the debtor, GSVC Restaurant Corporation filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. The debtor, doing business as The Windjammer, operates a restaurant in Nyack, New York.

3. The plaintiff, Grand Hudson Corporation, owns the land on which the debtor operates its business.

4. The debtor entered into possession of plaintiff's real property pursuant to a lease dated August 6, 1976.

5. During the period from March, 1978 through December, 1978 plaintiff brought two proceedings seeking to regain possession of the property due to the debtor's breach of the terms of the lease. Although successful in both actions, plaintiff did not seek to enforce the judgments after the debtor tendered the outstanding payments and assured the plaintiff that there would be no further default and that it would strictly comply with the terms and conditions of the lease.

6. On January 3, 1979 a third summary proceeding was commenced by the plaintiff in the Justice Court of the Village of Nyack, Rockland County. Judgment was entered for the plaintiff and a warrant of eviction was issued on April 12, 1979.

7. The debtor filed a notice of appeal from the judgment of the Justice Court on April 17, 1979. On May 11, 1979 the plaintiff was stayed from enforcing its judgment by order of the Appellate Term of the Supreme Court of the State of New York for the 9th and 10th Judicial Districts pending determination of the appeal. The order

provided that the stay would be granted on condition that within five days after service of the order the debtor deposit the amount of the judgment and any and all arrears with the Clerk of the Justice Court, and that the debtor pay to the plaintiff for use and occupancy at the rate previously payable as rent, as the same became due.

8. On May 31, 1979 the plaintiff moved to vacate the stay because of the debtor's failure to comply with the conditions imposed in the original order. The Appellate Term denied the motion on condition that within three days after service of a copy of the order the debtor comply with the provisions of the May 11th order.

9. On July 13, 1979 the plaintiff again moved to vacate the stay as a result of the debtor having failed to comply with the terms of the May 11 order. Once again the Appellate Term denied the motion on condition that the debtor comply with the terms of the May 11 order within three days after service of a copy of the order.

10. On August 20, 1979 the plaintiff, for the third time, moved to vacate the stay and set aside the order of May 11, 1979. The Appellate Term denied the motion to vacate the stay without prejudice to the plaintiff moving in the Justice Court for a turnover of the funds held on deposit by the Clerk of that court.

11. On October 4, 1979 the plaintiff made a motion in the Justice Court for an order pursuant to N.Y. C.P.L.R. § 2607 directing the turnover of funds held on deposit by the Clerk of the court. The court granted the motion and ordered the Clerk to pay to the plaintiff any and all funds held on deposit pursuant to the May 11th Appellate Term order.

12. The appeal from the judgment issuing the warrant of removal was submitted to the Appellate Term on September 11, 1979. By order dated October 26, 1979 the judgment of the Justice Court was affirmed.

13. The debtor's motion for a reargument of the appeal or for leave to appeal to the Appellate Division was denied by the Appellate Term on December 5, 1979. The debtor's motion for leave to appeal to the Appellate Division was denied by the Appellate Division on December 21, 1979.

14. After the December 21st order of the Appellate Division, the plaintiff scheduled the eviction of the debtor with the Rockland County Sheriff's Department. However, on January 10, 1980, Hon. Leonard E. Yoswein, Justice of the Supreme Court, Kings County, signed an order to show cause temporarily restraining the plaintiff and the sheriff from evicting the debtor pending a determination of the debtor's adjudication for a preliminary injunction against the plaintiff. The debtor obtained a second contemporaneous stay of the eviction from the Justice Court as a result of having proceeded by order to show cause for an order vacating the warrant of removal for good cause shown pursuant to N.Y.R.P.A.P.L. § 749(3).

15. On February 29, 1980 the Justice Court denied the debtor's motion for an order vacating the warrant of removal.

16. By decision dated March 7, 1980, Hon. Theodore A. Kelly, Justice of the Supreme Court, Rockland County, denied the debtor's motion for a preliminary injunction and vacated the stay contained in the order to show cause signed by Justice Yoswein in Kings County. In addition, the court granted the plaintiff's cross-motion to dismiss the debtor's complaint on the ground that the action was barred by application of the doctrine of res judicata.

17. The plaintiff rescheduled the eviction for March 12, 1980. However, prior to execution of the warrant of removal, the debtor obtained a temporary restraining order pending a determination of its application for a stay pending its appeal of the February 29th Justice Court order denying the debtor's motion to vacate the warrant of removal.

18. On March 19, 1980, the Appellate Term denied the debtor's motion for a stay of the eviction and forbade any "further applications for such relief" by the debtor.

19. The debtor's eviction was rescheduled for March 25, 1980. However, less than two hours prior to the removal, the debtor filed its petition under Chapter 11 of the Bankruptcy Code, thereby triggering the automatic stay provided by 11 U.S.C. § 362.

## DISCUSSION

■ The filing of a petition under Chapter 11 of the Bankruptcy Code operates as a stay of the enforcement against the debtor of a judgment obtained before the commencement of the Chapter 11 proceeding and a stay of any act to obtain possession of property of the estate or of property from the estate. 11 U.S.C. § 362(a)(2), (3). In this case the plaintiff is attempting to recover possession of property pursuant to a warrant of removal issued by the Justice Court of the Village of Nyack, Rockland County. It is clear that the debtor has no legal interest in the property since "the issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises and annuls the relation of landlord and tenant . . . ." N.Y.R.P.A.P.L. § 749(3) (McKinney's). The debtor's sole interest in the property is predicated on its possession of the plaintiff's property in the face of a judicially ordered warrant of eviction. The debtor asserts that such possession constitutes an equitable interest deserving of protection under the automatic stay.

■ There is no question that equitable interest in property is regarded as property of the estate within the meaning of 11 U.S.C. § 541. The commencement of a bankruptcy case creates an estate which, according to 11 U.S.C. § 541(a)(1) consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." However, the debtor's right to possess the property in question has been judicially determined as demonstrably nonexistent; resulting in the state court ordered warrant of eviction. Assuming, nevertheless, that the debtor's de facto possession is a sufficient nexus to invoke the protection of the automatic stay under 11 U.S.C. § 362, such stay is subject to termination or modification by the court for grounds delineated in subsection (a)(3) of 11 U.S.C. § 362, which are expressed as follows:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (2) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

At the trial the debtor presented no evidence whatsoever concerning the issue of adequate protection of the plaintiff's interest in the property. Since it was the debtor's burden to provide or propose a method of protection, the failure to meet this burden necessitates a modification of the automatic stay. See House Report No. 95–595, 95th Cong., 1st Sess. (1977) 338–40 U.S.Code Cong. & Admin.News 1978, p. 5787, 11 U.S.C. § 362(d)(1). Moreover, although the Bankruptcy Code does not indicate the nature of the cause required to modify the automatic stay, other than for a lack of adequate protection, it is evident that such cause would include the baseless delaying tactics employed by the debtor in this case. A review of the facts discloses that the debtor has delayed and frustrated the attempts of the plaintiff to enforce the April, 1979 Justice Court judgment through a series of stays and temporary restraining orders while failing to assert a valid cause of action in its own behalf in numerous state court proceedings. Accordingly, plaintiff is clearly entitled to relief from the automatic stay so that it may exercise its right to enforce the fully litigated and fully appealed state court warrant of eviction.

## CONCLUSIONS OF LAW

1. The debtor has made no attempt to propose or provide a method of adequate protection for the plaintiff's interest in the property.

2. The unfounded tactics employed by the debtor in the state courts were primarily intended to frustrate and delay enforcement of the warrant of removal.

3. Such conduct constitutes cause within the meaning of § 362(d)(1) of the Bankruptcy Code.

4. The stay is terminated so as to permit the plaintiff to enforce the warrant of removal.