**In re RICHARDS PONTIAC, INC., Debtor.**

**Reuben KORENMAN and Eleanor Korenman d/b/a Korey Realty Co., Plaintiffs,**

**v.**

**James BARR, Trustee and Richards Pontiac, Inc., Defendants.**

**Bankruptcy No. 880–4368.
Adv. Proc. No. 880–0608–20.**

United States Bankruptcy Court, E. D. New York.

Sept. 15, 1980.

---

25. Indenture Trustee Brief at 3–4.

Reilly, Like & Schneider, Babylon, N. Y., by Werner J. Zumbrunn, Babylon, N. Y., for plaintiffs.

Pinks & Feldman, Melville, N.Y., by Bernard S. Feldman, Melville, N. Y., for plaintiffs.

Hahn, Hessen, Margolis & Ryan, New York City, by Kevin C. Kelley, New York City, for defendant–trustee.

ROBERT JOHN HALL, Bankruptcy Judge.

## I.

Reuben Korenman and Eleanor Korenman d/b/a Korey Realty Co. ("plaintiffs") have commenced an adversary proceeding to lift the automatic stay.[1] For the reasons set forth below, judgment is granted for the plaintiffs.

## II.

Richards Pontiac, Inc. (the "debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 29, 1980. Prior thereto, the debtor did business as an auto dealership in Amityville, New York. The plaintiffs are the owners of the real property on which the debtor did business ("premises"). The debtor took possession of the premises under a written lease dated June 17, 1980. Thereafter, on July 11, 1980, because the debtor failed to pay the rent due under the lease, the plaintiffs instituted a summary proceeding against the debtor to regain possession of the premises in the District Court of the County of Suffolk,

---

1. 11 U.S.C. § 362(a) (1978).

State of New York ("summary proceeding").

On July 25, 1980, judgment was entered for the plaintiffs granting them a money judgment and directing that a warrant of eviction issue (the "warrant"). On July 29, 1980, hours before the debtor filed its Chapter 7 petition, a transcript of the District Court judgment was filed in the Suffolk County Clerk's Office, and copies of the judgment, the warrant and the Execution with Notice to Garnishee were delivered to the Sheriff of Suffolk County. Plaintiffs have neither alleged nor introduced evidence that the Sheriff executed the warrant before the debtor filed its Chapter 7 petition.

### III.

The filing of a Chapter 7 petition operates as a stay of the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement of a Chapter 7 case, and any act to obtain possession of property of the estate or of property from the estate.[2] The plaintiffs seek to have the automatic stay lifted so that they may regain possession of the premises by having the Sheriff execute the warrant. Plaintiffs contend that the stay should be lifted because: (a) under New York law the issuance of the warrant annulled the landlord–tenant relationship, and thus the premises are not property of the estate;[3] and (b) assuming that the landlord–tenant relationship has not been annulled, the plaintiffs' interests in the premises are not being adequately protected.

### IV.

The plaintiffs' argument that the premises is not property of the estate is based on its interpretation of N.Y.R.P.A.P.L. section 749(3) (McKinney's 1979), which provides that:

The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the prem-

ises, and annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof. Petitioner may recover by action any sum of money which was payable at the time when the special proceeding was commenced and the reasonable value of the use and occupation to the time when the warrant was issued, for any period of time with respect to which the agreement does not make any provision for payment of rent.

*Id.*

The New York cases interpreting this section, however, have held that the landlord–tenant relationship is not extinguished until the actual execution of the warrant.

[W]hile the issuance of the warrant technically terminates the landlord–tenant relationship, the summary proceeding remains open, and hence, *the relationship is subject to revival until the actual execution of the warrant* (RPAPL, § 749, subd. 3; *Novick v. Hall*, 70 Misc.2d 641, 334 N.Y.S.2d 698; *300 West Realty Co. v. Wood*, 69 Misc.2d 580, 330 N.Y.S.2d 524, affd. 69 Misc.2d 582, 330 N.Y.S.2d 527). Moreover, the provision terminating the landlord–tenant relationship was simply intended to protect the tenant from further liability for rent (See, *Matter of Joseph v. Cheeseboro*, 42 Misc.2d 917, 922, 248 N.Y.S.2d 969, 974, revd. on other grounds 43 Misc.2d 702, 251 N.Y.S.2d 975).

*People v. Stadtmore*, 382 N.Y.S.2d 807, 809–10, 52 A.D.2d 853 (2d Dept. 1976) (Emphasis supplied).

Since the plaintiffs have neither alleged nor shown that the sheriff executed the warrant, it appears that at the time of the filing of the Chapter 7 petition, the debtor had some property right in the premises. The exact nature of this property right, however, is unclear.

---

**2.** 11 U.S.C. § 362(a)(2), (3) (1978).

**3.** *See* 11 U.S.C. § 541 (1978).

In *In re GSVC Restaurant Corp.*, 3 B.R. 491, 6 B.C.D. 134 (Bkrtcy.B.C.S.D.N.Y.1980), the bankruptcy court held that after the issuance of the warrant "the debtor's sole interest in the property is predicated on its possession in the face of a judicially ordered warrant of eviction". 3 B.R. 491, 6 B.C.D. at 135. The bankruptcy court therein concluded that possession constituted an equitable interest in property which was property of the estate within the meaning of 11 U.S.C. section 541. However, the bankruptcy court found that "the debtor's right to possess the property in question has been judicially determined as demonstrably nonexistant resulting in a state court ordered warrant of eviction." 3 B.R. 491, 6 B.C.D. at 135.

In affirming the bankruptcy court, the district court stated that in addition to the equitable right of possession, the tenant may also have rights of redemption under N.Y.R.P.A.P.L. section 761 (McKinney's 1979). The district court characterized these rights as "no more than a chose in action". *In the matter of GSVC Restaurant Corp.*, 6 B.C.D. 295 (S.D.N.Y.1980). No matter how characterized, such rights are part of the debtor's estate.

> Undoubtedly a trustee or debtor–in–possession under the bankruptcy laws may assume and protect whatever rights the debtor had as of the time of the filing. If the termination of a lease has not been completed, or if it can be reversed by application of state procedures (so that the matter is still *sub judice* ), the trustee or debtor–in–possession may still assume such rights and pursue them. *In re Burke*, 76 F.Supp. 5 (S.D.Cal.1948).

*In re GSVC Restaurant Corp.*, 6 B.C.D. 295, 295–96 (S.D.N.Y.1980).

■ In *GSVC Restaurant Corp.*, prior to the district court's decision but after the court had denied the debtor–tenant's motion for a stay pending appeal, it appears that the Sheriff executed the warrant and evicted the debtor from possession. As the warrant had been executed, the district court held that the debtor–in–possession had nothing to assume. 6 B.C.D. at 296. *Cf. People v. Stadtmore*, supra; *Novick v. Hall*, 334 N.Y.S.2d 698, 701, 70 Misc.2d 641 (Civ.Ct.N.Y.1972). (Execution of the warrant terminates the summary proceeding and the landlord–tenant relationship.) [4]

■ In *GSVC Restaurant Corp.*, both the bankruptcy court and the district court ignored the debtor's rights under N.Y.R.P.A. P.L. section 749(3) and the case law interpreting that subsection. Under N.Y.R.P.A. P.L. section 749(3), the court may revive a landlord–tenant relationship after the issuance of the warrant, but before the actual execution thereof. The plaintiffs contend that the landlord–tenant relationship can be revived under N.Y.R.P.A.P.L. section 749(3) only when the landlord is guilty of wrongdoing. The plaintiffs reading of section 749(3) is much too narrow.

Prior to the 1975 amendment to N.Y.R.P. A.P.L. section 749(3), New York case law had long held that the court presiding over the summary proceeding had the power to vacate the warrant prior to execution thereof. *See, e. g., New York City Housing Authority v. Torres*, 403 N.Y.S.2d 527, 529, 61 A.D.2d 681 (1st Dept. 1978). In 1975, N.Y.R.P.A.P.L. section 749(3) was amended to provide that the court has the power "to vacate such warrant for good cause shown prior to the execution thereof." This mandate permits the court to vacate the warrant in the "interest of justice".[5]

■ Thus, the question of whether the landlord–tenant relationship is to be permanently severed is left to the discretion of the court. The court is required to "weigh

---

4. Under certain circumstances the landlord · tenant relationship can be revived even after the execution of the warrant. *See, e. g., Iltit Associates v. Sterner*, 405 N.Y.S.2d 68, 69, 63 A.D.2d 600 (1st Dept. 1978); *A R Management Corp. v. Foster*, 416 N.Y.S.2d 182, 185 n.4 (Civ. Ct.N.Y.1979).

5. Even prior to the 1975 amendment to N.Y.R. P.A.P.L. § 749(3) the court could vacate the warrant even in the absence of wrongdoing on the landlord's part, if it would be "in the interest of justice". *See Novick v. Hall*, 334 N.Y. S.2d 698, 702, 70 Misc.2d 641 (Civ.Ct.N.Y. 1972).

the possible harm engendered or benefit derived by the exercise of that discretion." *New York City Housing Authority v. Torres,* 403 N.Y.S.2d at 529.

■ That is not to say, however, that this court is the proper forum for determining whether there is "good cause" for reviving the landlord–tenant relationship. This court certainly has subject matter jurisdiction over the summary proceeding.[6] Nevertheless, the summary proceeding is pending, not before this court, but before the District Court of Suffolk County. Thus, unless the summary proceeding is removed to this court,[7] the state court remains the proper forum for determining whether there is "good cause" for reviving the landlord–tenant relationship herein.

## V.

Plaintiffs also contend that even if trustee has an interest in the premises, plaintiffs are entitled to relief from the automatic stay because their interests in the premises are not being adequately protected. The trustee does not dispute that the plaintiffs have not been paid rent for over four months. The trustee, however, argues that this court should exercise its discretion and deny the plaintiffs' request for relief from the stay on the ground that the trustee may be able to assume and assign the lease, thereby benefiting the creditors of the debtor. When asked how he intended to cure the defaults under the lease, the trustee responded that the plaintiffs could be paid from the money received from the assignment of the lease. The problem is that the trustee is not in the position to assume and assign the lease at this time.

■ This court does not have unfettered discretion in determining whether relief from stay should be granted. 11 U.S.C. section 362(d)(1) provides that:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subdivision (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

*Id.* The mandatory language of this subsection requires the court to grant relief from stay unless the plaintiffs are adequately protected. The trustee has the burden of proposing or providing the plaintiffs with adequate protection. *See* House Report No. 95–595, 95th Cong. 1st Sess. (1977) 338–340, *reprinted in* [1978] U.S.Code Cong. and Admin.News, pp. 5963, 6294–96; *In re GSVC Restaurant Corp.,* 3 B.R. 491, 6 B.C.D. 134 (Bkrtcy.B.C.S.D.N.Y.1980) aff'd 6 B.C.D. 295 (S.D.N.Y.1980).

■ The protection proposed by the trustee is speculative at best. The Bankruptcy Code does not define the phrase "adequate protection". 11 U.S.C. section 361 does, however, illustrate the means by which adequate protection may be provided.[8] It is

---

**6.** 28 U.S.C. § 1471(b) provides that:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

Under 28 U.S.C. § 1471(c), all the jurisdiction conferred on the district courts by § 1471 is exercised by the bankruptcy court. The summary proceeding certainly is a civil proceeding related to a case under title 11.

**7.** 28 U.S.C. § 1478(a) (1978) provides that:

A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

**8.** 11 U.S.C. § 361 (1978) provides that:

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

1. requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364

important to note that Congress expressly excluded the granting of an administrative expense as a means of providing adequate protection. 11 U.S.C. § 361(3) (1978). Congress took the position that "such protection is too uncertain to be meaningful." Senate Report No. 95–989, 95th Cong.2d Sess. (1978) 54, *reprinted in* [1978] U.S.Code Cong. and Admin.News, pp. 5787, 5840; 124 Cong.Rec. H 11092 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards); 124 Cong.Rec. S 17408 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini), *reprinted in* [1978] U.S. Code Cong. and Ad.News, pp. 6436, 6444. The trustee's proposed protection is as fraught with uncertainty as would be the granting of an administrative expense. The plaintiffs are asked to forego the use of their property for an unspecified period of time, with very little likelihood of receiving compensation therefor. 11 U.S.C. § 362(d), as well as 11 U.S.C. § 363(e),[9] forbids such a result. Accordingly, the court finds that the trustee has failed to meet his burden of proposing or providing adequate protection for the plaintiffs' interests in the premises.

## CONCLUSION

For the reasons hereinabove set forth, the court modifies the stay to the extent that plaintiffs may enforce the warrant of eviction issued by the state court. This decision in no way precludes the trustee from asserting his rights in the summary proceeding.

Settle Order on three (3) days notice.

of this title results in a decrease in the value of such entity's interest in such property;

2. providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

3. granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

*See also* 2 *Collier on Bankruptcy,* ʿ 361.01; ʿ 362.07, 362–47 (15th ed. 1979).

9. Although not artfully pleaded, plaintiffs' complaint states a claim for adequate protection under 11 U.S.C. § 363(e).

Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, by the trustee, the court shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. In any hearing under this section, the trustee has the burden of proof on the issue of adequate protection. 11 U.S.C. § 363(e). As with 11 U.S.C. § 362(d), the trustee has the burden of proposing or providing the plaintiffs with adequate protection. *See* 2 *Collier on Bankruptcy,* ʿ 363.06, 363–23 (15th ed. 1979).