**In re W.A.S. FOOD SERVICE CORP., d/b/a Seascapes, Debtor.**

**Bankruptcy No. 84 B 10401 (TLB).**

United States Bankruptcy Court, S.D. New York.

June 19, 1985.

Hahn & Hessen by Gilbert Backenroth, David J. Ciminesi, New York City, for Durst Partners.

Booth & Baron by Thomas F. Munno, New York City, for the debtor, W.A.S. Food Service Corp.

John S. Pereira, New York City, for Trustee.

Jerome Allan Landau, New York City, for Attila Danku, Shareholder of W.A.S. Food Service Corp. and Mary Moore, Creditor.

## DECISION ON OBJECTION TO TRUSTEE'S PROPOSED ASSIGNMENT AND SALE OF LEASE

TINA L. BROZMAN, Bankruptcy Judge.

W.A.S. Food Service Corp. d/b/a Seascapes ("Seascapes") filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 16, 1984 and continued the operation of its restaurant business in midtown Manhattan as debtor-in-possession. Subsequently, on May 24, 1984, John S. Pereira was appointed and qualified as a Chapter 11 trustee for Seascapes (the "Trustee") and thereafter, on April 17, 1985, gave notice of his intention to assume, sell and assign his right title and interest in Seascapes' lease for its currently occupied premises. An objection was filed on behalf of Durst Partners, ("Durst") landlord of the subject premises. Durst essentially asserted that the subject lease could not be assumed having been terminated prior to the filing of the Chapter 11 petition as a result of the prepetition consensual issuance of a warrant of eviction by the Civil Court of the City of New York.[1] Upon analysis of the relevant facts and applicable law, this court finds that there is nothing for Seascapes to assume or assign unless and until a vacatur of the warrant of eviction is obtained from the state court.

By assignment effective September 10, 1981, Seascapes became the tenant under a fifteen year lease of certain premises located at 201 East 42nd Street, New York, New York.[2] The annual base rental reserved under the terms of the lease, to be paid in equally monthly installments, is $85,000 until April 30, 1986. The base rent is to be adjusted during the remaining ten years of the lease in accordance with the Consumer Price Index. The obligation to pay additional rent accrues based on a percentage of any real estate tax increase. As a resolution of Seascapes' defaults in the

---

1. In addition to the debtor, one creditor and one shareholder have objected to the proposed assignment and sale based on inadequate consideration. In light of the decision herein, the issue of consideration need not be addressed.

2. It appears the initial lease dated April 14, 1981 had a stated fifteen year term beginning May 1, 1981 and ending April 30, 1996.

payment of its rental obligations under the lease, Durst commenced a proceeding in the Civil Court of the City of New York to evict Seascapes from the premises and to obtain a judgment for the rent arrearages. As a result of that proceeding, a stipulation was entered and so ordered by the Civil Court between Durst and Seascapes which provided for: 1) the payment of the rent arrears; 2) the continuing payment of rent; 3) the consent by Seascapes to both a) the immediate entry of a judgment in the amount of $85,002.53 and b) the immediate issuance of a warrant of eviction. Providing that all of the payments under the stipulation were timely tendered, the stipulation further allowed for a stay of the execution of the warrant of eviction.

Thereafter, Seascapes having defaulted under the terms of the stipulation a warrant of possession was issued by the Civil Court on March 12, 1984. No attempt was made by Seascapes to have the warrant vacated under state law, here, the law of New York. Prior to the execution of the warrant by the City Marshal and four days after its issuance, on March 16, 1984, Seascapes filed a petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to the automatic stay provisions of section 362 of the Bankruptcy Code, the eviction scheduled for March 1984 was thereby stayed.

With these undisputed facts as background, the trustee sought to assume, sell and/or assign the subject lease over the landlord's objection that the lease had been terminated upon issuance of the warrant of eviction.

### DISCUSSION

In accordance with 11 U.S.C. § 365(a), "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."[3] Thus, the central inquiry becomes whether Seascapes' lease expired upon the issuance of the warrant of eviction by the Civil Court of New York, for if it did, it follows that the trustee lacks both the right to cure defaults and to assume the lease. *In re Darwin*, 22 B.R. 259 (Bankr. E.D.N.Y.1982); *In re Bronx-Westchester Mack Corp.*, 4 B.R. 730, 6 B.C.D. 581 (Bankr.S.D.N.Y.1980); *In re Acorn Investments*, 8 B.R. 506, 7 B.C.D. 135 (Bankr.S. D.Cal.1981); *In re LPJ, Inc.*, 22 B.R. 556, 9 B.C.D. 853 (Bankr.S.D.Fla.1982); *In re Aries Enterprises*, 3 B.R. 472, 6 B.C.D. 280 (Bankr.D.C.1980).

■ The question of lease vitality is one to be resolved under state law. *In re Darwin, supra; In re Butchman*, 4 B.R. 379, 6 B.C.D. 403 (Bankr.S.D.N.Y.1980); *In re Hospitality Associates*, 6 B.R. 778 (Bankr.D.Or.1980). Section 749(3) of the New York Real Property Actions and Proceedings Law ("N.Y.R.P.A.P.L.") is applicable and reads in pertinent part:

The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and *annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof.* (Emphasis supplied.)

■ As is clear from the above statutory language, the tenant has some residual interest in the property even after issuance of the warrant of eviction since the state court retains the power to vacate the warrant for good cause shown. So whereas a number of cases hold that the issuance of a warrant of eviction cancels a lease, *In re Lane Foods, Inc.*, 213 F.Supp. 133 (S.D.N. Y.1963); *In re Butler*, 14 B.R. 532 (S.D.N. Y.1981); *In re Darwin, supra; In re Torres*, 61 A.D.2d 681, 403 N.Y.S.2d 527 (1st Dep't 1978); *see also In re Jolly Joint, Inc.*, 23 B.R. 395 (Bankr.E.D.N.Y.1984), the cases do not compel the conclusion that the

---

**3.** The Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA") amended section 365 effective October 8, 1984 to include subsection (c)(3) which precludes a trustee from assuming or assigning an unexpired lease if "(3) such lease of nonresidential real property has been terminated under applicable non-bankruptcy law prior to the order for relief." Inasmuch as Seascapes filed its petition on March 16, 1984, this case is not governed by this amendment which is not retroactive.

tenant's residual interest in the lease is forfeited.

 Both the trustee and the debtor have essentially asserted that the lease is assumable at the present time in view of the debtor's current possession of the premises as well as its ability to seek a vacatur of the warrant of eviction. The court does not agree with this conclusion. Certainly, the trustee and the debtor correctly argue that possession is an equitable interest afforded protection by the automatic stay. 11 U.S.C. § 541; *In re GSVC Restaurant Corp.*, 3 B.R. 491, 494 (Bankr. S.D.N.Y.), *aff'd* 10 B.R. 300 (S.D.N.Y.1980); *Onio's Italian Restaurant*, 42 B.R. 319 (Bankr.S.D.N.Y.1984). But the mere potentiality of a restoration of the landlord tenant relationship through vacatur of the warrant of eviction, *Novick v. Hall*, 70 Misc.2d 641, 334 N.Y.S.2d 698 (N.Y.Civ.Ct. 1972), *Lindsay Park Houses v. B & L Greer*, N.Y.L.J., May 24, 1985, at 16, Col. 4 (N.Y.Civ.Ct.1985), does not vest the debtor with a sufficient interest in the leased property to allow assumption and assignment of the lease.[4] Indeed, the reported decisions on which the trustee and debtor rely do not allow that type of relief or compel the conclusion that such relief is warranted, absent vacatur of the warrant.

In this vein, both parties have cited for support the decision of *In re GSVC Restaurant Corp., supra,* 10 B.R. 300 (S.D.N.Y.1980), which affirmed the decision of Judge Schwartzberg reported at 3 B.R. 491, modifying the automatic stay so as to allow the landlord to have its warrant of eviction executed. In affirming Judge Schwartzberg, Judge Goettel noted:

> [A] trustee or a debtor in possession under the bankruptcy laws may assume and protect whatever rights the debtor had *as of the time of the filing*. If the termination of a lease has not been com-

pleted, or if it can be reversed by application of state procedures (so that the matter is still *sub judice*), the trustee or debtor in possession may still *assume such rights and pursue them*.

*Id.* at 302 (citation omitted) (emphasis added). This court does not read *GSVC* to suggest that the lease is assumable if the tenant's rights to seek vacatur of a warrant have not been exhausted but rather to suggest that the trustee or debtor in possession inherits the tenant's rights and may seek to pursue them. Indeed this conclusion is compelled by Judge Goettel's holding that:

> a more difficult problem arises where the lease has already been terminated according to its terms under the applicable state law and final state process has been issued, evicting the tenant. In this instance, the trustee has nothing to assume.

*Id.* at 302.

*In re Richard's Pontiac*, 6 B.R. 773 (Bankr.E.D.N.Y.1980) does not provide a sufficient predicate for the relief which the trustee and the debtor in possession seek, that is, for a declaration that the lease survives and is presently capable of assumption and assignment. In *Richard's Pontiac*, the court granted the landlord relief from the automatic stay to have the debtor evicted. Grappling with the rights remaining in the tenant after issuance of the warrant, the court admitted that "[t]he exact nature of this property right, however, is unclear." *Id.* at 775. The court held that:

> [While] the issuance of the warrant technically terminates the landlord-tenant relationship, the summary proceeding remains open, and hence, the relationship is subject to revival until the actual execution of the warrant.

---

**4.** It is note worthy that even *after* execution of the warrant of eviction a landlord-tenant relationship can be revived. *Richard's Pontiac*, 6 B.R. 773, 776 n. 4 and cases cited therein; *Brooklyn Urban Development Corp. v. Copeland*, 122 Misc.2d 726, 471 N.Y.S.2d 989 (1984). If the court were to accept the trustee's and debtor in possession's proposition that the mere fact

that the tenant had not been evicted pursuant to the state court's warrant of eviction is sufficient to allow the trustee to assume and assign the lease, it might be arguable that a debtor who had been evicted might still under some circumstances be able to assume and assign its lease. Clearly, at some point the estate's rights must expire.

*In re Richard's Pontiac,* 6 B.R. 773, 775 quoting *People v. Stadtmore,* 52 A.D.2d 853, 382 N.Y.S.2d 807, 809–10 (2d Dep't 1976) (emphasis omitted).

This court, adopting the reasoning of *GSVC,* holds that absent a revival of the landlord tenant relationship by the state court, the lease cannot be assumed. Because the debtor is currently in possession of the premises, the automatic stay prohibits an eviction. This court is empowered to continue that stay, if the circumstances so require, to give the debtor a reasonable opportunity to re-negotiate with the landlord (*see In re Lane Food, supra*) or to seek a vacatur of the warrant of eviction. Accordingly, the court will continue the automatic stay in effect for a reasonable period of time to allow the trustee to seek vacatur of the warrant of eviction.[5] Since the summary proceeding by Durst against Seascapes is pending before the Civil Court of New York County, that court remains the proper forum for the debtor to seek relief unless the summary proceeding is removed to this court. 28 U.S.C. § 1452(a); *In re Richard's Pontiac, supra.*

Although it is the province of the State court since the summary proceeding is *sub judice* before it to determine whether there is good cause shown to vacate the warrant of eviction, this court notes that in the context of a chapter 11 reorganization it may be peculiarly appropriate to find such cause because the lease cannot be assumed and assigned under section 365 of the code unless the landlord is made whole and is furnished adequate protection of future performance under the lease.

SETTLE ORDER on notice.

---

**5.** Counsel for the debtor argued that the issuance of the warrant may have constituted a voidable preference under 11 U.S.C. § 547. Recognizing that no adversary proceeding has been commenced, the debtor did not press this position at the hearing on the trustee's motion.