**In re B.K.B. ENTERPRISES, INC. t/a North Tarrytown Car Wash, Debtor.**

**Bankruptcy No. 88 B 20277.**

United States Bankruptcy Court, S.D. New York.

March 7, 1989.

---

Nathan Horowitz, White Plains, N.Y., for debtor.

Jeffrey L. Sapir, Hartsdale, N.Y., for landlord.

DECISION ON ORDER TO SHOW CAUSE FOR ORDER TO ASSUME EXECUTORY LEASE AND TO CURE ARREARS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This Chapter 11 debtor, B.K.B. Enterprises, Inc., seeks to assume a lease between the debtor and its landlord in accordance with 11 U.S.C. § 365. The lease relates to premises formerly occupied as a car wash, gas station and tire shop. The premises are now occupied by the debtor solely as a car wash. The landlord, Anthony Varvaro, ("Landlord") opposes the relief sought by the debtor on the ground that there is no lease to assume, because a state court judge has entered a judgment against the debtor, awarding possession to the landlord. The state court ruled that the debtor breached two provisions in the lease. It was found that the debtor sublet a portion of the premises without the landlord's consent. It was also found that the debtor ceased pumping gas at the premises, thereby giving the landlord the right to exercise a termination option in the lease. A warrant of eviction was issued, although the debtor remains in possession of the premises because an appeal has been filed and a bond pending such appeal has been posted by the debtor.

## FINDINGS OF FACT

1. On December 29, 1982, the debtor, as tenant, and Anthony Varvaro, as landlord, entered into a written lease for premises in North Tarrytown, New York for use as a car wash, garage and gas station. Paragraph # 29 of the lease gave the tenant the right to assign or sublet a portion of the

premises upon the express written consent of the Landlord, which consent would not be unreasonably withheld. Paragraph # 7 of the rider to the lease provided: "In the event that Tenant ceases to pump gas, Landlord will have the option to terminate this lease."

2. On August 20, 1986, the Landlord filed a petition with the Justice Court of the Village of North Tarrytown, State of New York, to recover possession of the premises covered by the lease. The landlord alleged that the debtor violated Paragraph # 29 of the lease in that the debtor assigned a portion of the premises without obtaining the Landlord's consent. The Landlord also charged that the debtor violated Paragraph # 7 of the rider to the lease in that the debtor was not pumping gas at the premises.

3. Pursuant to a decision and order dated August 10, 1987, the Justice Court granted judgment to the Landlord based on a petition for possession of the property on the grounds that Paragraph # 29 of the lease and Paragraph # 7 of the rider to the lease were breached by the debtor, which failed to cure these defaults after notice.

4. On September 24, 1987, the Justice Court of North Tarrytown issued a warrant of eviction and entered a judgment awarding possession of the premises to the Landlord.

5. The debtor then appealed the decision and judgment of the Justice Court of North Tarrytown pursuant to a Notice of Appeal dated February 8, 1988 and filed a bond pending appeal, which has the effect of staying the execution of the eviction warrant. The appeal is now pending in the Supreme Court, State of New York, Appellate Term.

6. On May 17, 1988, the debtor filed with this court its petition for relief under Chapter 11 of the Bankruptcy Code. The debtor has continued to operate its business as a debtor in possession pursuant to 11 U.S.C. § 1108. The debtor has remained in possession of the premises covered by the lease in question. The only prepetition monies owed by the debtor to the Landlord, namely $1931.00, are monies due for a property tax bill which was served upon the debtor just as the Chapter 11 petition was filed.

7. The debtor claims that he has never pumped gas on the leased premises. The debtor's failure to pump gas at the leased premises raises the issue as to whether the debtor may cure this alleged default under the lease because the current North Tarrytown zoning regulations, which would have allowed the pumping of gas at the premises as a nonconforming use, do not now permit the pumping of gas at the premises other than as a nonconforming use.

8. The only way for the debtor to sustain its right to possession is through a successful appeal of the Justice Court's decision to the Appellate Term of the New York Supreme Court, because the Justice Court has ruled that the debtor has breached substantial obligations of the tenancy and has failed to cure such defaults after notice. Absent a reversal, the Justice Court's judgment is binding upon the parties.

## DISCUSSION

The Landlord argues that there was no stay in effect when the warrant of eviction was issued, with the result that the landlord-tenant relationship terminated upon the issuance of the warrant of eviction to the sheriff. Hence, the Landlord reasons that the lease may not be revived by this court and the debtor may not assume a lease which has been terminated and which cannot be cured. The debtor argues that the filing of a bond pending appeal of the Justice Court's judgment stays the execution of the warrant of eviction and that the landlord-tenant relationship may not be extinguished unless and until the Justice Court's judgment is upheld.

The debtor's objective is to assume its lease with the Landlord in accordance with 11 U.S.C. § 365(a) which authorizes a debtor to assume an unexpired lease. If there has been a default in the lease, the debtor may not assume the lease unless at the time of the proposed assumption the debtor cures, or provides adequate assurance that

it will promptly cure such defaults as required by 11 U.S.C. § 365(b) and provides adequate assurance of future performance, as well as compensation for any actual pecuniary loss as a result of such default. Apart from the unpaid tax bill in the sum of $1931.00, which the debtor says it will pay as part of the cure requirement, the debtor may not be able to cure the failure to pump gasoline at the premises because local zoning requirements now ban the pumping of gasoline at the premises unless this activity continued as a nonconforming use. The debtor's failure to pump gasoline at the leased premises for more than one year may have eliminated the nonconforming use possibility. Therefore, the debtor's right to possession hinges on the outcome of its appeal from the Justice Court's judgment terminating its lease for breaches of substantial obligations of the tenancy and a determination as to the zoning regulations enabling the debtor to cure any defaults under the lease. Hence, the landlord reasons that the debtor may not assume a lease which has been judicially terminated or that may not be cured.

In determining the measure of a debtor's interest in property, a Bankruptcy Court must look to state law, which creates and defines property rights. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1978); *Chicago Board of Trade v. Johnson,* 264 U.S. 1, 10, 44 S.Ct. 232, 234, 68 L.Ed. 533 (1924). Section 749(3) of the New York Real Property Actions and Proceedings Law provides:

> The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and *annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of power to vacate such warrant for good cause shown prior to the execution thereof.*

(Emphasis supplied).

The execution of the warrant of eviction was stayed by the debtor's posting a bond pending appeal in and amount fixed by the Justice Court. This stay is authorized under New York Civil Practice Law and Rule 5519(a)(6), which reads:

Stay of enforcement.

(a) Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination of the motion for permission to appeal where:

6. The appellant or moving party is in possession or control of real property which the judgment or order directs be conveyed or delivered, and an undertaking in a sum fixed by the court of original instance is given that the appellant or moving party will not commit or suffer to be committed any waste and that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party, shall pay the value of the use and occupancy of such property, or the part of it as to which the judgment or order is affirmed, from the taking of the appeal until the delivery of possession; if judgment or order directs the sale of mortgaged property and the payment of deficiency, the undertaking shall also provide that the appellant or moving party shall pay any such deficiency.

In light of the fact that under applicable state law, the debtor has some residual interest in the lease because the State Appellate Term retains the power to vacate the warrant of eviction issued by the Justice Court, it follows that the debtor has not completely lost its right to assume the lease. *In re W.A.S. Food Service Corp.,* 49 B.R. 969 (Bankr.S.D.N.Y.1985). The debtor's residual interest in a lease for purposes of assumption under 11 U.S.C. § 365 differs from the Landlord's right to modify the automatic stay imposed under 11 U.S.C. § 362 after the issuance of a warrant of eviction which cancels the lease. Where a lease has been terminated upon the issuance of a warrant of eviction, the Landlord is entitled to relief from the automatic stay in order to proceed with the execution of the warrant of eviction. *In re GSVC Restaurant Corp.,* 3 B.R. 491

(Bankr.S.D.N.Y.1980), *aff'd* 10 B.R. 300 (S.D.N.Y.1980); *In re Darwin*, 22 B.R. 259 (Bankr.E.D.N.Y.1982). This is so because the debtor's interest in leased premises after the issuance of a warrant of eviction is regarded as too uncertain for the purpose of satisfying its burden of providing adequate protection for the landlord. *In re Richards Pontiac, Inc.*, 6 B.R. 773 (Bankr. E.D.N.Y.1980).

In the event that the Appellate Term fails to sustain the Justice Court's termination of the debtor's lease and, instead, reinstates the lease as not having been breached by the debtor, the landlord-tenant relationship will be revived. In such case, the debtor would be in a position to pursue its assumption of the lease in accordance with 11 U.S.C. § 365(a). However, at this posture in the case, the debtor's prospects for a restoration of the landlord-tenant relationship are too insufficient to allow it to assume the lease. Therefore, the debtor will be permitted to remain in possession of the leased premises, provided that it pays its rent currently, and will continue to have the benefit of the stay pending appeal, as authorized under C.P.L. R. 5519(a)(6), until its appeal is resolved. The debtor's motion to assume its lease is denied without prejudice to a renewal in the event of a favorable determination of the appeal.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The debtor's motion to assume its lease with the landlord is denied as too speculative, but without prejudice to a renewal in the event that the warrant of eviction is vacated on appeal.

SETTLE ORDER on notice.