In re Charles R. YOUNGS, Debtor.

Jane B. CARPENTER, Plaintiff,

v.

Charles R. YOUNGS, Defendant.

Bankruptcy No. 80–00596–G.
Adv. No. 4–80–0138.

United States Bankruptcy Court,
D. Massachusetts.

Oct. 31, 1980.

Gerald A. Denmark, Pittsfield, Mass., for debtor.

Timothy J. Sullivan, Jr., Pittsfield, Mass., for plaintiff.

Joseph M. Szabo, trustee.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

Plaintiff has filed a Complaint for Relief from Stay praying that she be granted possession of property allegedly owned by her and currently occupied by the debtor. The matter is before me now on a Motion for Summary Judgment filed by the plaintiff. After a hearing in which both sides had opportunity for oral argument, and after receipt of briefs by each side, I am of the opinion that judgment can properly be entered as a matter of law on the facts as found below, there being no genuine issue as to any material fact.

Plaintiff is the owner of a parcel of real property currently being used by the debtor for income production. Prior to the plaintiff's purchase of the property on July 28, 1980, the debtor had resided on the premises under a lease from the previous owners. On June 30, 1980, those lessors initiated a Summary Process Complaint against the debtor and judgment was eventually entered against the debtor for possession and back–rent. Mrs. Carpenter purchased the property with the expectation that execution for possession would be issued on September 15, 1980. However, by filing his Chapter 13 petition on September 11, 1980, the debtor has thwarted the enforcement of any state court judgment against his possessory interest by reason of the automatic stay in bankruptcy proceedings. See 11

U.S.C. § 362(a)(1).[1] The debtor has not alleged any legal interest in the property, nor has any been found. The only defense to possession offered by the debtor is that the property is necessary to a successful Chapter 13 plan and that he has offered to adequately protect the plaintiff from loss. For the reasons set out below, these arguments are ineffective against the plaintiff's complaint.

## DISCUSSION

Section 362(d) of the Bankruptcy Code [11 U.S.C. § 362(d)] sets out the grounds for granting relief from the automatic stay.[2] Section 362(d)(1) sets out a test based on cause shown, including the lack of adequate protection. Section 362(d)(2) sets out an alternative ground for relief, but has two requirements: that the debtor has no equity in the property and that the property is not necessary to an effective reorganization. The requirements are stated in the conjunctive and relief can only be granted under subsection (d)(2) if both elements are satisfied.

However, at least two courts have discussed the theory that § 362(d)(2) is inapplicable to Chapter 13 in whole or in part. *In re Feimster*, 3 B.R. 11, 6 B.C.D. 131 (N.D. Ga.1979) involved a secured creditor seeking to repossess a motor home from a Chapter 13 debtor. The Bankruptcy Judge there concluded that since the term "reorganization" is used nowhere else in the Code except in Chapter 11, its use in § 362(d)(2)(B) makes § 362(d)(2) inapplicable outside of a Chapter 11 case. Thus, the decision not to grant relief from stay in that Chapter 13 case was based solely on the standard found in § 362(d)(1). In the context of that case, then, it can be seen that the issue of adequate protection is very important, particularly where the party seeking relief is a secured creditor.

*Matter of Sulzer*, 2 B.R. 630 (Bkrtcy.S.D.N.Y.1980), indicates in dictum that it would not go so far as to declare all of subsection (d)(2) inapplicable as a standard for relief in Chapter 13 cases. There, it was surmised that only the subjunctive requirement that the property "is not necessary to an effective reorganization" would not apply to Chapter 13, but the lack of equity requirement in § 362(d)(2)(A) would be the alternative to the test in § 362(d)(1). While the merits of each theory can be left to the bankruptcy bar, to be resolved over the course of experience with the new Bankruptcy Code, this case can be resolved without having to choose either of the two theories. I cite those cases, however, to show the ineffectiveness of the debtor's argument that this property is necessary to confirmation of an effective plan. While normally, retention by the debtor of his place of residence is envisioned by Chapter 13 provided the debtor can produce an acceptable plan and financial arrangement, *Matter of Breuer*, 4 B.R. 499 (Bkrtcy.S.D.N.Y.1980), the debtor here does not own the property in question. "Unlike Chapter 11, which by definition is a 'Reorganization' chapter designed to assisting distressed businesses, Chapter 13 is directed to consumer relief so as to enable an individual debtor with regular income to develop and perform.... a plan for the repayment of his debts over an extended period of time, rather than opting for liquidation under Chapter 7. "*Matter of Breuer*, supra at 501–502. The emphasis is not on protecting a business enterprise as in Chapter 11, but in providing an individual with regular income an alternative to liquidation. Thus, where Chapter 11 is designed with the ex-

---

1. The legislative history of § 362(a) clearly shows that the automatic stay provisions of the Code were meant to prohibit the issuance of a writ of execution by a judgment creditor.

2. Section 362(d) provides:

   "On request of a party in interest and after notice and hearing, the court shall grant relief from the stay...

   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
   (2) with respect to a stay of an act against property, if—
      (A) the debtor does not have an equity in such property; and
      (B) such property is not necessary to an effective reorganization.

press purpose of continuing the business of the debtor, Chapter 13, on the other hand, has no such specific goal in mind. In other words, the defense that this property is necessary to effect a plan under Chapter 13, without more, does not carry the day. Whether property is necessary to the rehabilitation of a Chapter 13 debtor is not a factor applicable to confirmation of a plan under Chapter 13. *In re Feimster*, supra 3 B.R. 11, 6 B.C.D. 131 at 133. The concern of the bankruptcy court here is different than if this case were a Chapter 11. Moreover, the plaintiff purchased this property after judgment had been entered adjudicating the debtor's rights in the property. Examination of the case law here will show that plaintiff and defendant have never been in any landlord–tenant relationship, and that the debtor's de facto possessory "interest" which he seeks to protect under the automatic stay is really no interest at all.

The case law is extensive, particularly in Chapter 11 cases where the court is more concerned with protecting the possessory interests of the debtor, that where state law effectively terminates a lease agreement prior to the filing of a petition, a debtor–in–possession acquires no interest in the lease. *In re Racing Wheels, Inc.*, 5 B.R. 309, 6 B.C.D. 719 (Bkrtcy.M.D.Fla.1980); *In re Mimi's of Atlantic, Inc.*, 5 B.R. 623, 6 B.C.D. 807 (Bkrtcy.N.D.Ga.1980); *In re GSVC Restaurant Corp.*, 3 B.R. 491, 6 B.C.D. 134 (Bkrtcy.S.D.N.Y.1980), aff'd, 6 B.C.D. 295 (S.D.N.Y.1980); *In re Aries Enterprises, Ltd.*, 3 B.R. 472, 6 B.C.D. 280 (Bkrtcy.D.C.1980).

The only case where relief was denied was *In re Mulkey of Missouri, Inc.*, 5 B.R. 15, 6 B.C.D. 310 (Bkrtcy.W.D.Mo.1980) where it was found that the lease of the premises was vital to the reorganization of the Chapter 11 debtor. Here, the debtor operates a riding school and inn. There has been no showing that this property is unique or that it is essential to the debtor's business. Such a business can be carried on in many locations and absent a showing that this location is the only possible site, the court is of the opinion that the debtor

can be asked to relocate. See *Matter of Sulzer*, supra at 634–35.

While § 362(a) has been found to apply to "that scintilla of equitable interest which is mere possession, *In re Mimi's of Atlantic, Inc.*, supra 5 B.R. 623, 6 B.C.D. 807 at 809, all the cases save the one mentioned, have found that, where the lease had been effectively terminated prior to the filing of the petition, adequate cause existed under § 362(d)(1) to grant relief from stay. The critical fact is that no lease agreement existed at the time of filing to which the debtor can claim an interest. The debtor has no legal interest, his sole interest is possessory. Yet, his right to possession has been judicially determined to be non–existent. See *In re GSVC Restaurant Corp.*, supra 3 B.R. 491, 6 B.C.D. 134 at 135. Were this a Chapter 11 case, argument could be made that even that "scintilla" of interest which is de facto possession might be entitled to protection of the automatic stay. But where, as here, the property cannot be said to be vital to a plan of *reorganization*, and there is sufficient cause to allow relief, in light of the fact that there is no lease agreement nor has there ever been a landlord–tenant relationship between plaintiff and defendant, I am of the opinion that plaintiff's request should be allowed. However, in view of the fact that the debtor will have to relocate both himself and his assets, the court is willing to allow the automatic stay to remain in force for a short period of time to assist the debtor in that effort. Since the debtor has known since July 22, 1980 that he would have to leave, I feel that allowing him until Midnight, November 15, 1980 is equitable.

For the reasons set forth in the foregoing Memorandum, it is hereby ORDERED,

That the automatic stay provided by § 362(a) of the Bankruptcy Code be modified to permit Jane B. Carpenter to secure possession of the real estate located on Route 57 in New Marlborough, Berkshire County, Massachusetts by levy of the execution to issue from the District Court Department, Southern Berkshire Division at

Great Barrington, Civil Action No. 9238, but PROVIDED that, said execution shall not issue before Midnight, November 15, 1980.