In re James J. KENNEDY and Christina B. Kennedy, Debtors.

CALIFORNIA SECURITY MANAGEMENT CORPORATION, et al., Plaintiffs,

v.

James J. KENNEDY and Christina B. Kennedy, Defendants.

No. CV 83–6654 MRP.

Bankruptcy No. LA 83–10355 JA.

Adv. No. LA 83–8643 JA.

United States District Court, C.D. California.

May 23, 1984.

J. Thomas Ashforth, Sherman Oaks, Cal., for plaintiffs.

Frank Nemecek, Sherman Oaks, Cal., for defendants.

## MEMORANDUM OF DECISION

PFAELZER, District Judge.

Defendants appeal from an order of the United States Bankruptcy Court granting judgment in favor of plaintiffs. The appeal came on for oral argument before the Honorable Mariana R. Pfaelzer on February 27, 1984. The Court, having considered the papers filed and oral arguments made, now files this Memorandum, which shall constitute its Findings of Fact and Conclusions of Law.

### I. BACKGROUND

Debtors and Appellants James J. Kennedy and Christina B. Kennedy ("the Kennedys") appeal from the Judgment of the Bankruptcy Court entered against them on October 4, 1983. In substance, the Judgment provides that Debtors and Appellants have been and are wrongfully in possession of certain real property located at 9021 La Tuna Canyon Road, Sun Valley, California (the "Sun Valley property"), and that plaintiffs Stanley Belland and Jule L. Belland, Wesley H. Chalmers, D.D.S., Louis Marshall Cuvillier, Jr., Betty E. Fahrney, Trus-

tee for the Fahrney Family Trust U/A, Inglett Equipment, Defined Benefit Pension Plan, Daniel E. Jackson and Nelda Jackson, John Juaregui and Mary Juaregui, Evelyn M. Limbaugh, Daniel Plies and Elizabeth Plies, Samuel Rankin and Ethel Rankin, Reno Righetti and Linda Righetti shall be placed in possession thereof.

The facts of this case are set forth at length in the briefs of the parties and it is unnecessary to repeat them at length here. Suffice it to say that the Kennedy's family residence is located on the real property in question and on May 27, 1983, that property was subject to a second deed of trust which was in default. On that date, a Chapter 11 proceeding (now a Chapter 7 proceeding) was instituted by the Kennedys. In that proceeding, the holders of the second deed of trust sought and obtained relief from the automatic stay of the Chapter 11 proceeding in order to permit foreclosure of their security interest. On June 10, 1983, a trustee's sale was held and plaintiffs took title to the real property.

Despite the fact that they no longer have title to the property, the Kennedys refused and continue to refuse to surrender possession of it and are still residing there. To secure possession of the real property, plaintiffs filed a Complaint for Possession of Real Property in the Bankruptcy Court on July 7, 1983. On September 26, 1983, after having received evidence and hearing argument on plaintiffs' Motion for Summary Judgment for Possession of Real Property, the Bankruptcy Court filed its Findings of Fact and Conclusions of Law and Judgment ejecting the Kennedys and granting plaintiffs possession of the property. This appeal followed.

## II. DISCUSSION

■ In this appeal, the Kennedys challenge the order of the Bankruptcy Court on numerous grounds. The Court finds the Kennedys' argument on one of these—that the Bankruptcy Court lacked jurisdiction over plaintiffs' possessory action—persuasive. Since resolution of the jurisdictional issue is dispositive on this appeal, the Court need not address the Kennedys' remaining contentions.

In order to analyze the jurisdictional question presented here, it is necessary to examine the Bankruptcy Act of 1978 ("the Act") and its legislative history in some detail. Section 362(a)(3) of the Act, 11 U.S.C. § 362(a)(3), imposes an automatic stay of any acts instituted for the purpose of obtaining "possession of property *of* the estate or of property *from* the estate." (Emphasis added.) The Act's legislative history provides definitions of the terms "property of" and "property from" the estate. The Senate Report tautologically defines the former term as "property of the debtor as of the date of the filing of the petition." S.REP. NO. 989, 95th Cong., 2d Sess. 50, *reprinted in* 1978 U.S.CODE CONG. & AD.NEWS 5787, 5836. The Senate Report's definition of "property from the estate" is more instructive; this term is defined as "property over which the estate has control or possession." *Id.*

The jurisdictional provisions of the Act are contained in 28 U.S.C. § 1471. 28 U.S.C. § 1471(e), the subsection relevant to this action, provides that "[t]he bankruptcy court in which a case under Title 11 is commenced shall have exclusive jurisdiction of all of the property, whereever [sic] located, of the debtor, as of the commencement of such case." 11 U.S.C. § 541 enumerates the various property interests that together constitute property of the estate. Among these are "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In discussing this provision, the Senate Report states that "[t]he debtor's interest in property ... includes 'title' to property, which is an interest, just as are a possessory interest, or leasehold interest ...." S.REP. NO. 989, 95th Cong., 2d Sess. 82, *reprinted in* 1978 U.S.CODE CONG. & AD.NEWS 5787, 5868.

The question before this Court is whether the Bankruptcy Court had jurisdiction to award possession of the Sun Valley property to plaintiffs and eject the Kennedys. The answer depends on whether that property is properly considered part of the Kennedys' estate. After analyzing the statute and its history, the Court has concluded

that it is not, and that, as a consequence, the Bankruptcy Court acted beyond its jurisdiction.

The Court believes that this result is dictated by the distinction drawn by the Act between "property of" and "property from" the estate. From the date of the foreclosure sale of the Sun Valley property, the Kennedys no longer appear to retain any property right therein. Nevertheless, as noted above, they remain in control and possession of that property. Thus, it is clear that the plaintiffs' Complaint for Possession of Real Property seeks property *from* the estate of the debtor. However, because the Kennedys appear to have bare possession, without more, of the Sun Valley property, the Court is of the view that that property is not *of* the Kennedys' estate. If by the term "of the estate", Congress meant to include property in the bare possession and control of the debtor, the term "from the estate" would be rendered superfluous. The Court does not believe that Congress intended such a result. As noted above, the Act stays proceedings to obtain property of *or* from the debtor's estate, but vests the Bankruptcy Court with jurisdiction over the former only. Thus, although the Act precluded plaintiffs from pursuing this action until the Bankruptcy Court lifted the automatic stay, it did not vest jurisdiction in that Court to entertain plaintiffs' action.

In the view of this Court, this result is consistent with the policies underlying the Act. An automatic stay in situations in which a debtor is in bare possession of property sometimes will be necessary to assure an effective reorganization of the debtor. *See, e.g., In re Lane Foods, Inc.,* 213 F.Supp. 133, 135–36 (S.D.N.Y.1963) (Court stayed eviction proceedings for short time to allow debtor in possession, a business reorganizing under Chapter XI, a reasonable opportunity to re-negotiate with landlord or to find new premises. The stay allowed the continued operation of the debtor's business, and thereby effectuated the object of the bankruptcy proceeding, the rehabilitation of the debtor). However, when a stay is unnecessary to promote the purposes of the Act, and when the debtor's estate retains no property right in the property at issue, the Bankruptcy Court has no interest whatsoever in the disposition of the property. The Court believes that the exercise of federal jurisdiction under these circumstances not only imposes a burden on the federal courts in an area in which no federal interest exists, but also is inconsistent with principles of federalism.

The Court does not believe that a different result is warranted by the statement in the Senate Report that a "possessory interest" constitutes a type of "equitable interest" in property for purposes of 11 U.S.C. § 541(a)(1). The Court believes that, by the use of the term "possessory interest," Congress intended that the debtor have a right to possession. As one bankruptcy court has stated, the "debtor's *de facto* possessory 'interest' which he seeks to protect ... is really no interest at all." *In re Youngs,* 7 B.R. 69, 71 (Bkrtcy, D.Mass. 1980). *See also Matter of Depoy,* 29 B.R. 466, 470 (Bkrtcy.N.D.Ind.1983) (following termination of lease due to non-payment, "debtors have no legal or equitable interest in [the] lease ...").

At least one bankruptcy court has assumed jurisdiction over eviction proceedings when the debtor was in naked possession of the property at issue. *See Matter of Mimi's of Atlanta, Inc.,* 5 B.R. 623, 629 (Bkrtcy.N.D.Ga.1980), *aff'd,* 11 B.R. 710 (N.D.Ga.1981). However, in the view of this Court, the exercise of federal jurisdiction in a case of this nature is inconsistent with both the letter and spirit of the Bankruptcy Act.

For the reasons set forth above,

IT IS ORDERED that the Order of the Bankruptcy Court is reversed.