In re ONIO'S ITALIAN RESTAURANT CORP., Debtor.

Bankruptcy No. 84 B 11105 (ER).

United States Bankruptcy Court, S.D. New York.

Sept. 21, 1984.

Ross, Baker, Gottesman & Gordon, New York City, for Landlord Vinellis, Inc.

Anthony N. Del Rosso, P.C., Mineola, N.Y., for debtor.

## DECISION AND ORDER ON APPLICATION TO MODIFY AUTOMATIC STAY

EDWARD J. RYAN, Bankruptcy Judge.

On August 3, 1984, Onio's Italian Restaurant (Onio's) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the Code), 11 U.S.C. § 1101 *et seq.*, and has continued as a debtor in possession. 11 U.S.C. § 1107.

In February, 1976, Anthony Ippolito, President of Onio's, entered into an agreement with Vinellis, Inc. (Vinellis) to lease a store and basement located at 310 West 34th Street for a twelve-year period. Thereafter, Ippolito assigned the lease to Onio's, which is controlled by Ippolito.

Onio's failed to pay rent on numerous occasions, the last of which compelled Vinellis to commence a summary eviction proceeding in the Civil Court of the City of New York on April 23, 1984. On July 25, 1984, a default judgment was entered in favor of Vinellis and a warrant of eviction issued by the City Court to a New York City marshal. On or about August 3, 1984, the marshal served notice on the debtor, and sought to execute the warrant on August 13, 1984. The marshal did not proceed with the eviction on August 13, 1984, because it was presented by the debtor with a certificate of the debtor's filing under Chapter 11 of the Code.

Vinellis now moves to modify the automatic stay under § 362(a) of the Code so as to proceed with the eviction.

Vinellis predicates his application on the ground that under state law, the issuance of the warrant of eviction terminated any interest that the debtor may have had in the premises prior to the filing of the Chapter 11 petition. He asserts the debtor had no interest in the premises to which the automatic stay could attach at the time of filing. Vinellis argues in the alternative, that even if the debtor has some kind of possessory interest in the property, the automatic stay should be modified because Vinellis must continue to pay taxes and incur other expenses related to the property, without any expectancy of payment by the tenant.

Onio's contends that the issuance of the warrant of eviction per se did not terminate the debtor's leasehold interest. Onio's is presently proceeding in Civil Court to vacate the warrant on the ground of improper service of the landlord's petition.

■ Under New York law, issuance of a warrant of eviction cancels the lease agreement and annuls the landlord-tenant relationship. *New York City Housing Authority v. Torres*, 61 A.D.2d 681, 682, 403 N.Y.S.2d 527 (1st Dep't 1978); N.Y.R.P.A. P.L. § 749(3) (McKinneys 1979). On the issuance of the warrant, the tenant has no legal interest in the property. He does have an equitable interest based upon possession. *Matter of GSVC Restaurant Corp.*, 3 B.R. 491, 494 (Bankr.S.D.N.Y.), aff'd, 10 B.R. 300 (D.C.S.D.N.Y.1980).

■ Section 362(a)(2) of the Code stays enforcement of pre-petition judgments against property of the estate. 11 U.S.C. § 362(a)(2). Under § 541(a), "property of the estate" consists of "all legal or equitable interests of the debtor in property as of commencement of the case." 11 U.S.C. § 541(a)(1). Thus, if the debtor holds an equitable interest in property even though without legal title, the estate acquires that equitable interest of the debtor in the property. 4 Collier on Bankruptcy ¶ 541.06 at 541–26 (15th ed. 1984).

■ Despite termination of the legal interest of a tenant in the premises when the warrant is issued, the tenant's equitable interest of possession allows him to petition the court to vacate the warrant after issuance, but prior to execution, "for good cause shown." *New York City Housing Authority v. Torres*, 61 A.D.2d at 682,

403 N.Y.S.2d 527; N.Y. R.P.A.P.L. § 749(3). It is this equitable right to which the debtor-in-possession in these circumstances succeeds upon filing of the bankruptcy petition. *See Matter of GSVC Restaurant Corp.*, 10 B.R. at 302.

In *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), even though the debtor's property had been seized by the Internal Revenue Service to satisfy a tax lien and the property was no longer in the debtor's possession, his residual interest in the property was held sufficient to justify use of the turnover provisions of § 542(a) so as to bring the property into the estate. The Court, in so ruling, effectuated the policy of Congress of encouragement of reorganizations by including a broad range of property in the estate as defined by § 541(a)(1). 103 S.Ct. at 2313.

Similarly, the debtor's bare possessory interest in the premises without legal right is a residual interest which the debtor-in-possession may utilize as part of the estate to effectuate the reorganization.

The bankruptcy court has the power to stay a warrant for a reasonable time for good cause providing the debtor is in possession and pays the landlord for use and occupation. *In re Lane Foods, Inc.*, 213 F.Supp. 133 (S.D.N.Y.1963). The warrant may be vacated in the state court. Good cause exists for the bankruptcy court to continue the automatic stay to allow the debtor-in-possession to pursue its legal remedies under state law. *In re GSVC Restaurant Corp.*, 10 B.R. 300, 302 (S.D.N.Y.1980) (dicta).

The motion to vacate the stay is denied without prejudice pending the outcome of the litigation in the Civil Court of the City of New York. The debtor shall pay the rent due for August and September 1984 and keep current the monthly rental pending the outcome of the litigation in the local court.

It is so ordered.