**In re CONVENIENT FOOD MART NO. 144, INC., Debtor.**

**CONVENIENT FOOD MART NO. 144, INC.; Robert F. Ristaneo, Plaintiffs–Appellants,**

v.

**CONVENIENT INDUSTRIES OF AMERICA, INC., Defendant–Appellee.**

**No. 91–6201.**

United States Court of Appeals, Sixth Circuit.

Argued April 9, 1992.

Decided June 30, 1992.

Rehearing Denied Aug. 18, 1992.

Robert F. Ristaneo (argued and briefed), Lexington, Ky., for plaintiffs-appellants.

Robert Y. Gwin, Helen Lucier (argued and briefed), Brown, Todd & Heyburn, Louisville, Ky., for defendant-appellee.

Before: NORRIS and SUHRHEINRICH, Circuit Judges; and CONTIE, Senior Circuit Judge.

PER CURIAM.

Convenient Food Mart (CFM) appeals the district court's judgment affirming the bankruptcy court's imposition of sanctions pursuant to Bankruptcy Rule 9011(a). For the reasons that follow, we reverse in part and affirm in part.

I

CFM was lessee by assignment in a lease with Convenient Industries of America (CIA) that expired of its own terms on October 31, 1989. Following expiration, CFM continued in possession of the premises pursuant to Kentucky's holdover statute, Ky.Rev.Stat.Ann. § 383.160, which provides for a one-year leasehold interest subsequent to the expiration of leases. In June 1990 CFM filed a petition for relief under Chapter 11 of the Bankruptcy Code and subsequently continued to operate on the premises as a debtor-in-possession. On December 20, 1990 the bankruptcy court granted CIA's motion to terminate the automatic stay. From the bench, the court observed that CFM's leasehold interest in the premises had expired; however, this language was omitted from the written order.

When CIA appeared at the leased premises on January 7, 1991 to take possession, CFM refused. CIA then moved for an order of contempt against CFM. Following a hearing, the bankruptcy court entered an order on January 10, 1991 stipulating that CFM no longer had any valid rights in the premises and "shall immediately surrender such leased premises to CIA." CFM's motions for an extension of time and for reconsideration were denied on January 15, 1991. Three days later CFM filed amended motions for an extension and for reconsideration. Following entry of CIA's objections and another hearing, the bankruptcy court denied CFM's amended motions.

CFM moved for leave to appeal the orders entered by the bankruptcy court and for an emergency stay pending appeal. The bankruptcy court overruled the motion for an emergency stay on February 19, 1991.

On February 14 CIA moved for sanctions, asserting that CFM and its attorney Robert Ristaneo violated Rule 9011(a) by filing frivolous and legally unsupportable motions. On February 25, CFM withdrew its notice of appeal and motion to file an appeal. On May 13, 1991 the bankruptcy court imposed sanctions of $5,000 against CFM and Ristaneo. The district court affirmed the imposition of sanctions, noting that "the debtor was found to have no right to remain on the convenient store premises in the December 20, 1990 order."

II

CFM submits three basic claims. One, the bankruptcy court was without jurisdiction to order CIA to vacate the leased premises because the leasehold was not part of the bankruptcy estate. Two, even if jurisdiction is found, the surrender order was issued in violation of CFM's due process rights. Three, the sanctions order was an abuse of discretion.

A.

■ The lease of nonresidential real property expired of its own terms in October 1989. The statutory holdover period expired in October 1990. CFM submits that since an expired lease is not property of the estate under 11 U.S.C. § 541, the lease is outside the scope of the bankruptcy court's jurisdiction.

The district court went beyond section 541 to examine the status of the property

under Kentucky law. Ky.Rev.Stat.Ann. § 383.160, for example, provides:

(1) If, by contract, a term or tenancy for a year or more is to expire on a certain day, the tenant shall abandon the premises on that day, unless by express contract he secures the right to remain longer. If without such contract the tenant shall hold over, he shall not thereby acquire any right to hold or remain on the premises for ninety days after said day, and possession may be recovered without demand or notice if proceedings are instituted within that time. But, if proceedings are not instituted within ninety days after the day of expiration, then none shall be allowed until the expiration of one year from the day the term or tenancy expired. At the end of that year the tenant shall abandon the premises without demand or notice, or stand in the same relation to his landlord that he did at the expiration of the term or tenancy aforesaid; and so from year to year, until he abandons the premises, is turned out of possession, or makes a new contract.

Under section 383.160, once the lease's terms and the holdover period expire, the landlord has the right to evict a tenant who remains in possession. Absent eviction the tenant has a tenancy at sufferance. The issue is whether a tenancy at sufferance is a property interest sufficient to trigger the bankruptcy court's jurisdiction.

Although this matter has not previously been resolved in this circuit, the Second and Third Circuits have held that possessory interests in real property fall within the ambit of the protections provided by the automatic stay. *In re 48th St. Steakhouse, Inc.,* 835 F.2d 427, 430 (2d Cir.1987), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); *In re Atlantic Business and Community Corporation,* 901 F.2d 325, 328 (3d Cir.1990).

CFM's undisputed possessory interest in the property is the legal interest creating jurisdiction in this case. CFM's argument that the expired lease deprives the bankruptcy court of jurisdiction begs the question regarding the jurisdictional status of CFM's *possessory* interest. We join the other circuits in holding that a tenancy at sufferance is a possessory interest in real property within the scope of the estate in bankruptcy under section 541. *In re 48th St. Steakhouse, Inc.,* 835 F.2d 427; *In re Atlantic,* 901 F.2d 325.

B

■ As for CFM's demand for written notice to vacate the premises, section 383.160 states that in the event of a holdover during the ninety-day period following expiration of a lease "possession may be recovered without demand or notice if proceedings are instituted within that time." Because proceedings have been timely instituted, Kentucky law does not require written notice in order for CIA to repossess the premises.

■ CFM contends that its due process rights under the Fifth and Fourteenth Amendments were violated by the bankruptcy court's surrender order. Constitutional due process requires notice and a hearing when property interests are attached. *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Here, the bankruptcy court granted a hearing before issuing its contested orders. On balance, the court fully complied with the requirements of constitutional due process. *See Chernin v. Welchans,* 844 F.2d 322 (6th Cir.1988).

C

■ CFM describes the sanctions order as an abuse of discretion. The district court's view that CFM's legal position was not well grounded mistakenly assumed that "the debtor was found to have no right to remain on the convenient store premises in the December 20, 1990 order." But the December 20 order did not in fact direct CFM to vacate the premises. Because the court misunderstood the December 20 order in this important respect, we reverse the sanctions order.

The confusion surrounding the December 20 order arises from the fact that although the written order is strictly limited to lift-

ing the automatic stay regarding CFM's personal property, the court orally remarked that CFM had an obligation to not "stiff arm these people any more." CIA interpreted this comment as an order to CFM to vacate. Again, CFM was not instructed by court order to vacate the premises until January 10. Because the court based its sanctions order on an erroneous interpretation of the December 20 order, we reverse.

## III

We reverse the order imposing sanctions on CFM and attorney Ristaneo. As for the contentions that the bankruptcy court was without jurisdiction or that it exceeded its powers, neither submission has merit and the judgments entered with regard to these matters are affirmed.