In re Fred DI GIORGIO and Irene
Di Giorgio, Debtors.

Fred DI GIORGIO and Irene
Di Giorgio, Plaintiffs,

v.

Josephine LEE, an Individual, The County
of Los Angeles Sheriff's Department,
Court Services Division, and Sherman
Block, Sheriff, Defendants.

Bankruptcy No. CV 95–6074 WJR.
No. LA 95–15503–CA.
Adv. No. AD 95–1737–CA.

United States District Court,
C.D. California.

Sept. 6, 1996.

666

Anthony Serritella, Serritella & Paquette, Los Angeles, CA, for defendants-appellants County of Los Angeles Sheriff's Department and Sheriff Sherman Block.

Trevor A. Grimm, Kaplanis & Grimm, Los Angeles, CA, for defendant-appellant Josephine Lee.

Steven M. Spector (argued), Rodger M. Landau, McDermott, Will & Emery, Los Angeles, CA, for plaintiffs-appellees Fred Di Giorgio and Irene Di Giorgio.

Craig Mordoh, Los Angeles, CA, for amici curiae Apartment Association of Greater Los Angeles, Inc. dba Apartment Association of Greater Los Angeles, the Apartment Association of San Fernando Valley/Ventura, the Apartment Association of California Southern Cities, the Minority Owners Association and the Foothill Apartment Association (collectively referred to as "CALIF").

Daniel Lundgren, Attorney General, Floyd D. Shimomura, Senior Assistant Attorney General, Linda A. Cabatic, Supervising Deputy Attorney General, and Irene K. Tamura, Deputy Attorney General, Sacramento, CA, for amicus curiae Daniel Lungren, Attorney General of California.

## OPINION

REA, District Judge.

Defendants appeal the bankruptcy court's permanent injunction against the enforcement of California Code of Civil Procedure § 715.050, which allows execution of a valid writ of possession in an unlawful detainer case despite the filing of a post-judgment bankruptcy petition by the tenant. After having reviewed the papers submitted in support of and in opposition to the foregoing appeal, the file in this case, and the applicable authorities, the Court AFFIRMS the bankruptcy court's ruling for the reasons set forth herein.

## BACKGROUND [1]

Plaintiffs, Fred Di Giorgio and Irene Di Giorgio, entered into a lease agreement with defendant Josephine Lee whereby the Di Giorgios rented a residential property ("the premises") for a rental fee of $1,650 per month. The lease expired in July 1992 but was extended to January 14, 1995.

The Di Giorgios failed to make their rental payments from August 1994 to January 1995. On January 6, 1995, Lee served the Di Giorgios with a Notice to Pay Rent or Quit, demanding $8,000 on or before January 9, 1995. The Di Giorgios failed to pay the outstanding rental payments, and Lee initiated an unlawful detainer action on January 17, 1995. On January 20, 1995, the parties entered into a Stipulation for Judgment. On February 15, 1995, judgment was entered wherein the lease was forfeited and the Di Giorgios agreed that they owed Lee $10,224 under the lease. The judgment further provided that a writ of possession was to issue forthwith with a final lockout no earlier than March 6, 1995.

The municipal court issued a writ of possession pursuant to the judgment on February 16, 1995. In accordance with the writ, defendant Los Angeles Sheriff's Department served the Di Giorgios with a Notice to Vacate the premises on February 23, 1995.

On March 2, 1995, the Di Giorgios filed a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the U.S.Code. At the time of the filing, the Di Giorgios were still in possession of the premises. Although federal bankruptcy law provides for an automatic stay on all proceedings involving property of the bankruptcy estate, the Sheriff's Department indicated that it planned to enforce the writ of possession without first requiring Lee to obtain relief from the automatic stay. Its authority was the recently enacted California Code of Civil Procedure § 715.050, which provides for the enforce-

---

1. The background facts, not in dispute on this appeal, are taken from the findings of the bankruptcy court.

ment of a writ of possession despite the tenant's prior filing of a bankruptcy petition.

The Di Giorgios brought an action in the bankruptcy proceeding against Lee, Sheriff Sherman Block and the Sheriff's Department to enjoin the enforcement of § 715.050. On April 18, 1995, the bankruptcy court issued a permanent injunction barring Sheriff Block and the Sheriff's Department from enforcing § 715.050. The bankruptcy court held that the Di Giorgios' possession of the premises at the commencement of the bankruptcy action constituted a property interest that was part of the bankruptcy estate and consequently triggered the protections of the automatic stay under 11 U.S.C. § 362. Therefore, the bankruptcy court held, the unlawful detainer action constituted: (1) the commencement or continuation of a judicial proceeding against the Di Giorgios, in violation of § 362(a)(1); (2) the enforcement against the Di Giorgios of a judgment obtained before the commencement of the bankruptcy case, in violation of § 362(a)(2); and (3) an act to obtain possession of property of the estate, to obtain property from the estate, or to exercise control over property of the estate, in violation of § 362(a)(3). The bankruptcy court enjoined the enforcement of § 715.050 in all cases due to its preemption by federal bankruptcy law.

Defendants Josephine Lee, the Sheriff's Department and Sheriff Block appeal the bankruptcy court's decision.

## JURISDICTION

The Court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), which enables the district courts to decide appeals from final judgments, orders and decrees of bankruptcy courts. Judgment was entered in the bankruptcy court on June 26, 1995. A timely notice of appeal was filed on July 6, 1995.

## STANDARD OF REVIEW

■ Factual findings of bankruptcy courts are reviewed under the clearly erroneous standard. *Mann v. Alexander Dawson, Inc.,* 907 F.2d 923, 926 (9th Cir.1990). Conclusions of law are reviewed *de novo. Daniels–Head & Assoc. v. William M. Mercer, Inc.,* 819 F.2d 914, 918 (9th Cir.1987). Except as indicated, the relevant facts in this case are not disputed by the parties.

## DISCUSSION

## I. JURISDICTION

### A. Mootness

■ The jurisdiction of federal courts extends only to live cases or controversies. U.S. Const. art. III, § 2, cl. 1. When the plaintiff's "personal stake in the outcome of the controversy" ceases to exist during the course of litigation, there is no longer a live controversy and the case generally should be dismissed as moot. *See United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980) (citations omitted) (quotations omitted). Appellants claim that the Di Giorgios had vacated the premises as of the date of the hearing on the injunction, and that thus no case or controversy existed because the Di Giorgios no longer had any property interest in the rental property. As a result, appellants argue, the bankruptcy court erred in ruling on the constitutionality of § 715.050. The Di Giorgios, however, claim that they had not vacated the premises by the date of the hearing.

■ Because the record has not been sufficiently developed, the Court is unable to hold that this action is moot. Appellants claim to have raised this argument in their opposition to the preliminary injunction. However, although the bankruptcy court found that the Di Giorgios were in possession of the premises at the time of the filing of the petition for bankruptcy, it did not make any finding as to when they vacated the premises, nor did the bankruptcy court address the mootness argument. Findings of Fact and Conclusions of Law at ¶ 12. It is inappropriate for an appellate court to consider facts beyond the scope of the record developed before the lower court. *See, e.g., USA Petroleum Co. v. Atlantic Richfield Co.,* 13 F.3d 1276 (9th Cir.1994); *DeTomaso v. McGinnis,* 970 F.2d 211 (7th Cir.1992); *Diversified Numismatics, Inc. v. City of Orlando,* 949 F.2d 382 (11th Cir.1991). Therefore, the record

before the Court does not give the Court an adequate basis to adopt appellants' mootness argument.

## B. Abstention

Appellants also argue that the bankruptcy court should not have determined the constitutionality of § 715.050 because California state courts have not had an opportunity to construe the statute. Appellants argue that if a state statute might be interpreted so as to avoid a determination of the constitutional issue, the case should be dismissed on the ground that the issue is not ripe for decision.

 Under the *Pullman* doctrine, a federal court should abstain from invalidating a state statute on constitutional grounds where the statute might be interpreted so as to avoid the constitutional issue. *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). There are two requirements for *Pullman* abstention: (1) a substantial uncertainty as to the meaning of state law; and (2) a reasonable likelihood that clarification of state law by a state court would eliminate the need for a federal ruling on the constitutional issue. *Kusper v. Pontikes,* 414 U.S. 51, 54, 94 S.Ct. 303, 306, 38 L.Ed.2d 260 (1973). Abstention is therefore not warranted where there is no unresolved state-law question.

 In this case, the requirements for *Pullman* abstention are not met. The Court's discussion of state law regarding the nature of a possessory interest, *infra* Part II.A.2.a., does not reveal an uncertainty in state law. Nor do the parties dispute the meaning or application of § 715.050. Furthermore, appellants have not set forth a plausible interpretation of § 715.050 that would allow the constitutional issue in this case to be avoided. *See id.* Thus, the abstention doctrine is inapplicable here, and the Court has jurisdiction to determine the outcome of this appeal.

## II. PREEMPTION OF § 715.050 BY FEDERAL BANKRUPTCY LAW

 The bankruptcy court concluded that § 715.050 is preempted by 11 U.S.C. § 362, which provides that all actions against the debtor or property of the estate are stayed by the filing of a bankruptcy petition. The Supremacy Clause invalidates state laws that interfere with or are contrary to federal law. U.S. Const. art. VI, cl. 2. Although bankruptcy law does not completely displace state regulation, state law may be preempted in a few situations: (1) when it actually conflicts with federal law, that is, when compliance with both state and federal law is a "physical impossibility," or (2) when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hillsborough County v. Automated Medical Labs., Inc.,* 471 U.S. 707, 713, 105 S.Ct. 2371, 2375, 85 L.Ed.2d 714 (1985), *quoted in In re Baker & Drake, Inc.,* 35 F.3d 1348, 1353 (9th Cir.1994). Preemption of state law by federal bankruptcy law is more likely where "a state statute facially or purposefully carves an exception out of the Bankruptcy Code," or where the state statute "is concerned with economic regulation rather than protecting the public health and safety." *Baker & Drake, Inc.,* 35 F.3d at 1353.

 Upon the filing of a bankruptcy petition, federal bankruptcy law imposes an automatic stay on, *inter alia,* (1) the commencement or continuation of an action against the debtor commenced before the start of the bankruptcy action; (2) the enforcement of a judgment against the debtor or property of the estate obtained before the start of the bankruptcy action; and (3) any act to obtain possession of property of the estate, to obtain property from the estate, or to exercise control over property of the estate. 11 U.S.C. § 362(a). The California legislature, however, has enacted a law allowing the enforcement of a writ of possession against a tenant in wrongful possession of rental property notwithstanding the tenant's filing of a bankruptcy petition. Cal.Civ.Pro.Code § 715.050.[2] The Court must assess whether

---

2. The text of this section provides:

Except with respect to the enforcement of a judgment for money, a writ of possession is- sued pursuant to a judgment for possession in an unlawful detainer action shall be enforced pursuant to this Chapter without delay, not-

the effect of the state statute substantially conflicts with federal bankruptcy law, thus triggering preemption.

 Examining the plain language of § 715.050 reveals the potential for preemption. The statute's express reference to the filing of a bankruptcy petition supports the conclusion that its purpose is to carve out an exception to the automatic stay provided by federal law. In addition, the statute's legislative history contradicts amicus Attorney General's argument that § 715.050 is merely an exercise of the state's police power and was "enacted out of concern for the safety and well-being of the citizens of this state, landlords and tenants alike." Attorney General's Brief at 14. The legislative history indicates that this statute was implemented out of concern for significant public and private costs incurred as a result of the filing of bankruptcy petitions by rent-evading tenants:

> Millions of dollars are lost by owners of residential rental property on a recurring annual basis and added to the rent of rent-paying tenants as a result of uncollected unlawful detainer judgments and the delays inherent in the state's unlawful detainer system.... Approximately 220,000 unlawful detainer cases are filed annually in the state, involving less than 5 percent of the state's rental units, costing millions of dollars in attorneys' fees and court costs, unnecessarily burdening court administration and taxpayers.

Cal.Civ.Pro.Code § 1167.3, History and Statutory Notes. The Court recognizes the financial burden placed upon the state and landlords when tenants cease paying rent and file bankruptcy petitions with the sole purpose of evading eviction. This recognition, however, only supports the conclusion that § 715.050's primary purpose is economic in nature.

Appellants argue that the bankruptcy judge erred in holding that the automatic stay provisions of 11 U.S.C. § 362 preempt § 715.050. Appellants argue that because the Di Giorgios had no cognizable property interest in the premises that could become

part of the bankruptcy estate, application of § 715.050 does not conflict with the automatic stay. The Court must assess therefore whether the Di Giorgios' possession of the premises qualifies as an interest protected by the automatic stay.

### A. Section 362(a)(3)

 The automatic stay bars any act to obtain possession of property of the estate, property from the estate, or to exercise control over property of the estate. 11 U.S.C. § 362(a)(3). The bankruptcy estate is created upon the filing of the petition and comprises "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The existence and scope of a debtor's interest in property is determined by applying state law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Reed,* 940 F.2d 1317, 1322 (9th Cir.1991); *In re Farmers Markets, Inc.,* 792 F.2d 1400, 1402 (9th Cir.1986).

### 1. Legal Interest in the Premises

 Under California law, the Di Giorgios had no legal right to possess the premises at the time of the filing of the bankruptcy petition. A tenant is "guilty of unlawful detainer" when he continues in possession without the landlord's permission after default in the payment of rent and three days' notice has been served upon the tenant by the landlord. Cal.Civ.Proc.Code § 1161(2). If the landlord has given the tenant the notice required by § 1161(2) and the tenant fails to pay the rent in default, then upon expiration of the three-days' notice period the landlord has terminated the tenant's right to possess the property. Cal.Civ. Proc.Code § 1174(a); *see In re Windmill Farms, Inc.,* 841 F.2d 1467, 1470 (9th Cir. 1988) (interpreting §§ 1161(2) and 1174(a)). Lee followed these procedures, and thus terminated the lease before the Di Giorgios' filing of the bankruptcy petition. Therefore, at the time the Di Giorgios filed for bankruptcy, they had no legal right to possess the

withstanding receipt of a notice of the filing by the defendant of a bankruptcy proceeding.

Cal.Civ.Pro.Code § 715.050.

premises. As the Ninth Circuit stated in *Windmill Farms,* "Because [the tenant's] detention is 'unlawful,' he has lost his right to possession. His right to possession has been 'terminated by the lessor because of a breach of the lease [and] the lease terminates.'" *Id.* at 1471 (quoting Cal.Civ.Code § 1951.2, which provides for the lessor's remedies upon termination of a lease).

Appellants argue that the Di Giorgios had no legal or equitable interest in possession of the premises because the unlawful detainer judgment had been entered in this action prior to the filing of the petition, and the Di Giorgios had waived post-judgment remedies in the stipulated judgment. The Di Giorgios do not dispute the fact that their legal interest in the premises under the lease was terminated but argue that their continued possession of the premises was a equitable property interest which became part of the bankruptcy estate. Therefore, according to the Di Giorgios, the enforcement of the writ of possession would violate § 362(a)(3). The Court must determine whether the Di Giorgios' mere possession of the premises, without a legal right to possession, constituted property of the bankruptcy estate.

## 2. Equitable Interest in the Premises

### a. Possessory Interest Under California Law

 Under California law, mere possession of real property creates a protected interest. "Occupancy for any period confers a title sufficient against all except the state and those who have title by prescription, accession, transfer, will, or succession...." Cal.Civ.Code § 1006. Under the common law as well, "the mere possession of real estate is constantly treated as property which may be purchased and sold, and for the recovery of which an action may be maintained against one having no better title." *King v. Goetz,* 70 Cal. 236, 240, 11 P. 656, 658 (1886); *see also Bond v. Aickley,* 168 Cal. 161, 141 P. 1188 (1914) (same as Cal.Civ.Code § 1006). Therefore, "[o]ne in possession of property has rights therein superior to those of all who have no better title." 51 Cal. Jur.3d, Property § 9. The Court therefore rules that the Di Giorgios' possession of the premises constitutes an equitable interest under California law.

Appellants cite *In re Smith,* 105 B.R. 50 (Bankr.C.D.Cal.1989), to support their claim that the Di Giorgios have no protected interest in the premises under California law. In *Smith,* the relevant facts were similar to those of the instant action. The landlord moved the bankruptcy court for an order relieving him of the stay so that he could enforce a judgment for unlawful detainer. The court held that relief from the stay was not required because the tenant's retention of physical possession of the property "is not a property interest recognized by law." *Id.* at 54 (footnote omitted). However, the Court does not find *Smith* persuasive because it did not address the existence of an equitable interest under California law.

The *Smith* court relied on three cases for its statement that mere physical possession of the property is not protected by law: *In re Kennedy,* 39 B.R. 995 (C.D.Cal.1984); *In re Depoy,* 29 B.R. 466, 470 (Bankr.N.D.Ind. 1983); and *In re Youngs,* 7 B.R. 69, 71 (Bankr.D.Mass.1980). These cases, however, did not determine whether mere possession constitutes an equitable interest under California law: *Youngs* and *Depoy* did not apply California (or any other state) law, and *Kennedy* did not address whether or not possession created an interest under California law. Instead, these cases simply decided whether possession constitutes a property interest under federal bankruptcy law.

In *Kennedy,* the court acknowledged that the debtors' possessory interest was "property from the estate," in that the debtors had bare control and possession of the premises, but not "property of the estate" protected by the stay. *Kennedy,* 39 B.R. at 997. The court held that the debtors' possessory interest in the leased property was not recognized under § 541(a)(1), stating that "by the use of the term 'possessory interest,' Congress intended that the debtor have a right to possession. As one bankruptcy court has stated, the 'debtor's *de facto* possessory interest which he seeks to protect ... is really no interest at all." *Id. Kennedy* did not address, and consequently is not relevant to,

**672**

whether mere possession confers a property interest under California law.

Amicus CALIF argues that the enactment of § 715.050 eliminates such possessory interests under California law: "[I]t is the State of California making clear that under California law, when a judgment for possession of real property has been issued by a state court ... there is no legal or equitable interest in the premises...." CALIF Opening Brief at 10; CALIF Reply at 2. The error in this argument is shown by the statute's own terms, which solely direct the enforcement of a writ of possession notwithstanding the filing of a bankruptcy proceeding. For example, the statute would not affect the right of the holdover tenant in possession to bring an action for ejectment against a trespasser. *See* 51 Cal.Jur.3d, Property § 9. Because the statute only purports to change the legal effect of the filing of a bankruptcy petition by the holdover tenant, the Court cannot conclude that the California legislature purported to eliminate or clarify the status of the possessory interest under California law. The Court holds that under California law, the Di Giorgios had a possessory interest in the premises.

**b. A Possessory Interest Is Part of the Bankruptcy Estate**

■ Section 541(a) provides that, with a few express exceptions, property of the bankruptcy estate comprises "*all* legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (emphasis added). The legislative history indicates that Congress intended the estate to include possessory interests. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5868 ("debtor's interest in property includes 'title' to property which is an interest, just as are possessory interests, or leasehold interests").

■ The Court does not believe that Congress intended to exclude mere possession of real property, even possession without a legal basis, from the "property of the estate." Congress expressly created a number of exceptions to the broad language of § 541(a)(1), including the provision that

[p]roperty of the estate does not include ... [¶] (2) any interest of the debtor as a lessee under a lease of *nonresidential* real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case.

11 U.S.C. § 541(b)(2) (emphasis added). This exception excludes any equitable possessory interest from the bankruptcy estate once the commercial tenant's legal right to possession has expired.[3] The doctrine of *expressio unius est exclusio alterius* is applicable here: under "[e]stablished canons of statutory construction, ... 'exceptions are not to be implied. An exception cannot be created by construction.'" *Export Group v. Reef Inds., Inc.,* 54 F.3d 1466, 1473 (9th Cir.1995) (quoting Norman J. Singer, 2A Sutherland Stat. Const. § 47.11 (5th ed. 1992)). The expressly enumerated exceptions "indicate that other exceptions should not be implied." *In re Gerwer,* 898 F.2d 730, 732 (9th Cir. 1990) (rejecting a proposed implied exception to § 541(a)(1)). The fact that Congress created an exception under § 541(b)(2) applying expressly to the interest in an expired lease of nonresidential property suggests that Congress intended possessory interests in residential property to be included in property of the estate.

In fact, Congress has declined to amend bankruptcy law to exclude interests such as the Di Giorgios' from property of the bankruptcy estate. On two occasions, a bill has

---

**3.** Several of the cases cited by appellants and amicus curiae as holding that a possessory interest is not property of the estate under § 541 actually pertain only to nonresidential property and consequently do not influence the Court's decision. *See Windmill Farms,* 841 F.2d at 1469; *In re Escondido West Travelodge,* 52 B.R. 376 (S.D.Cal.1985); *In re Scarsdale Tires, Inc.,* 47 B.R. 478, 480 (S.D.N.Y.1985); *In re Cohoes Indus. Terminal, Inc.,* 62 B.R. 369, 377 (Bankr. S.D.N.Y.1986), *aff'd,* 70 B.R. 214 (S.D.N.Y.1987); *In re Lady Liberty Tavern Corp.,* 94 B.R. 812, 817 (S.D.N.Y.1988).

been introduced in the U.S. House of Representatives to amend § 541(b) to exempt from property of the bankruptcy estate "any interest of the debtor as a tenant under the rental of residential real property that has terminated before the commencement of the case." H.R. 1156, 103d Cong., 1st Sess. (1993); H.R. 2202, 102d Cong., 1st Sess. (1992). This bill also would have amended § 362(b) so that the automatic stay would not apply to "any action to evict the debtor from residential real estate occupied by the debtor as a tenant under a rental agreement." *Id.* Where Congress has declined to enact such exceptions, it is not the Court's province to do so. Therefore, the bankruptcy court correctly held that enforcement of the writ of possession violated § 362(a)(3).

■ The Court's holding that a debtor's possessory interest in residential real property constitutes property of the estate within the meaning of § 541(a)(1) is consistent with decisions from the Second, Third and Sixth Circuits. *In re Convenient Food Mart No. 144, Inc.,* 968 F.2d 592 (6th Cir.1992); *In re Atlantic Business and Community Corp.,* 901 F.2d 325 (3d Cir.1990); *In re 48th Street Steakhouse,* 835 F.2d 427 (2d Cir.1987).[4]

CALIF argues that these cases are of little value to this issue because they ultimately rely on *48th Street Steakhouse,* which did not actually analyze this issue. *48th Street Steakhouse* held that the debtor's unexpired leasehold interest constituted property of the bankrupt estate. 835 F.2d at 430. The court noted, "[i]ndeed, a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay." *Id. 48th Street Steakhouse* in turn relied on *In re GSVC Restaurant Corp.,* 3 B.R. 491 (Bankr. S.D.N.Y.), *aff'd,* 10 B.R. 300 (S.D.N.Y.1980), which merely assumed *arguendo* "that the debtor's de facto possession is a sufficient nexus to invoke the protection of the automatic stay under 11 U.S.C. § 362." *Id.* at 494. The other case cited by *48th Street*

*Steakhouse, In re Onio's Italian Restaurant Corp.,* 42 B.R. 319 (Bankr.S.D.N.Y.1984), relied on *GSVC Restaurant Corp.* for its holding that a tenant's possessory interest in rented premises constitutes an equitable interest of the bankruptcy estate. *Id.* at 320.

Other circuits have followed *48th Street Steakhouse.* In *In re Atlantic Business and Community Corp.,* 901 F.2d 325 (3d Cir. 1990), the court followed *48th Street Steakhouse* and *GSVC Restaurant Corp.* to hold that "possession of property, even under a tenancy of sufferance, is an interest protected under § 362(a)(3)" because it is "within the ambit of the estate in bankruptcy under Section 541." *Id.* at 328; *see also In re Convenient Food Mart No. 144, Inc.,* 968 F.2d 592, 594 (6th Cir.1992) (citing *48th Street Steakhouse* and *Atlantic Business* in holding that a possessory interest in expired lease is property within the scope of § 541(a)).

The Court agrees with CALIF that "none of [these cases] establish this legal principle based on independent legal reasoning." CALIF, Reply at 5. However, the Court believes, based on its independent analysis above and review of other bankruptcy cases, that these cases reached the correct outcome. *See, e.g., In re Whitt,* 79 B.R. 611 (Bankr. E.D.Pa.1987) (bare possessory interest in property was property of estate); *In re Maxwell,* 40 B.R. 231 (N.D.Ill.1984) (same); *In re Lewis,* 15 B.R. 643, 645 n. 5 (Bankr.E.D.Pa. 1981) (same); *In re Dennison,* 50 B.R. 950, 953 n. 2 (Bankr.E.D.Pa.1985) (§ 362(a)(1) and (3) barred attempt to gain possession without relief from automatic stay).

■ *In re Grimes,* 147 B.R. 307 (Bankr. E.D.N.Y.1992), cited by appellants, does not contradict the Court's holding. The *Grimes* court agreed with the plaintiff's argument that "possession can be a property interest within the protective umbrella of the automatic stay," but held that a possessory interest was not sufficient to warrant the denial of

---

**4.** Appellants attempt to distinguish these cases, arguing that they address this issue under the law of states other than California. However, once state law confers a property interest, bankruptcy law is applied to determine if that interest is part of the bankruptcy estate. The Court does not rely on these cases for their determination of the extent of the debtor's interest under state law, but rather for their conclusion that the interest is part of the bankruptcy estate under bankruptcy law.

a request for relief from the stay. *Id.* at 316 (citing *48th Street Steakhouse,* 835 F.2d at 430 (2d Cir.1987)); *see also Youngs,* 7 B.R. 69, 71 (Bankr.D.Mass.1980) (holding that a debtor's possessory interest did not warrant the denial of the landlord's motion for relief from the automatic stay); *Depoy,* 29 B.R. 466, 470 (Bankr.N.D.Ind.1983) (same). A landlord may receive relief from the automatic stay even if the debtor has a possessory interest in the property.[5] Therefore, these cases do not affect the Court's determination that the Di Giorgios' possessory interest in the premises is property of the bankruptcy estate.

Appellants argue that § 715.050 can be construed to avoid a finding of preemption, "even if the challenged statute somehow contravenes the provisions of the Bankruptcy Act." Reply at 10. Appellants argue that "this Court might require, for example, that the writ of possession may only be executed following the filing of a bankruptcy petition when the unlawful detainer judgment is final and the tenancy is not redeemable." *Id.* at 11. This interpretation would still conflict with the automatic stay provision, however, because it would still entail an action against property of the bankruptcy estate.

## B. Section 362(a)(1) and (2)

The Di Giorgios also argue that enforcement of the writ of possession would violate § 362(a)(1) and (2), which stay (1) the commencement or continuation of an action against the debtor that was commenced before the start of the bankruptcy action; and (2) the enforcement of a judgment obtained before the start of the bankruptcy action against the debtor or property of the estate. 11 U.S.C. § 362(a)(1)–(2).[6]

Appellants argue that the preemption argument as to subsections (1) and (2) was not the subject of the complaint filed in the bankruptcy court, nor were the issues briefed in that court. Appellants object to having these issues heard for the first time on appeal.

The complaint in the bankruptcy proceeding asserts that § 715.050 purports to preempt 11 U.S.C. § 362. Complaint, ¶¶ 6, 13, 15, 17, E.R. at 7. The Di Giorgios' memoranda in support of a temporary restraining order and preliminary injunction refer only to § 362(a)(3). E.R. at 27, 98–105. However, the bankruptcy court held that enforcement of the writ of unlawful detainer would violate § 362(a)(1) and (2), as well as subsection (3). Appellants would like the Court to reverse the bankruptcy court without addressing two of the grounds upon which the court held. This the Court cannot do. In any event, when an issue presented on appeal is purely one of law and the pertinent record has been fully developed, the appeals court may choose to decide that issue. *Bolker v. C.I.R.,* 760 F.2d 1039, 1042 (9th Cir. 1985).

The Di Giorgios argue that "[b]y enforcing the Writ of Possession, the Sheriff would be continuing a pre-petition judicial proceeding in violation of § 362(a)(1)," namely, the wrongful detainer action. Appellees' Brief at 14. The Di Giorgios also argue that enforcement of the writ of possession would constitute the enforcement against the Di Giorgios of a judgment obtained before the commencement of the bankruptcy case, in violation of § 362(a)(2).

---

5. The landlord can obtain relief from the automatic stay whether or not the debtor has a possessory interest in the property. "[T]he court shall grant relief from the stay ... (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) ... if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d).

6. These subsections provide in full that a bankruptcy petition operates as a stay to

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.

11 U.S.C. § 362(a)(1)–(2).

Appellants respond that "the execution of a writ of possession, which has been obtained *after* completion of an unlawful detainer case, is by definition neither the 'commencement' nor the 'continuation' of an action against the bankruptcy debtor." Appellants' Reply Brief at 7. Appellants also argue that "since obtaining possession of the property would merely restore the premises to their rightful owner, executing the writ would not constitute 'enforcement ... against the debtor' " or property of the estate. *Id.* at 8.

Caselaw supports the conclusion that the Di Giorgios are protected from execution of the writ by all subsections of § 362(a). Section 362(a)(1) and (2) prevent the eviction of tenants even where the debtor has no more than a possessory interest in the premises. *See, e.g., In re Onio's Italian Restaurant,* 42 B.R. 319, 320–21 (Bankr.S.D.N.Y. 1984); *In re Lewis,* 15 B.R. 643, 644–45 (Bankr.E.D.Pa.1981); *but see In re Racing Wheels, Inc.,* 5 B.R. 309 (Bankr.M.D.Fla. 1980) (holding that the automatic stay should be lifted). Whether execution of the writ of possession is deemed to be a commencement of a new action or a continuation of the unlawful detainer case is immaterial, and execution of the writ clearly constitutes the enforcement of the unlawful detainer judgment against the Di Giorgios and the bankruptcy estate. Therefore, the bankruptcy court correctly held that the enforcement of the writ of possession violated § 362(a)(1) and (2).

## III. SCOPE OF BANKRUPTCY COURT'S RULING

Appellants argued that the bankruptcy court erred in declaring § 715.050 unconstitutional "as applied to all debtors." Appellant's Brief at 13. Appellants refer to the court's ruling as "an impermissible advisory opinion" and argue that the bankruptcy court should have decided only whether § 715.050 is invalid as applied to the facts of this case.

Because § 715.050 is preempted by bankruptcy law, it is unconstitutional on its face and consequently invalid; it is not merely unconstitutional as applied to the facts of this case. The Court finds no error in the

bankruptcy court's ruling that § 715.050 could not be enforced against other debtors.

The decision of the bankruptcy court is AFFIRMED.